ACCEPTED
03-14-00345-CV
3715762
THIRD COURT OF APPEALS
AUSTIN, TEXAS
1/9/2015 2:29:25 PM
JEFFREY D. KYLE
CLERK

NO. 03-14-00345-CV

IN THE

THIRD COURT OF APPEALS

AT AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
1/9/2015 2:29:25 PM
JEFFREY D. KYLE
Clerk

CLIFFORD BART DUNBAR,

APPELLANT,

v.

NAIMA EL KHAOUA,

APPELLEE.

APPEALED FROM THE 200TH JUDICIAL DISTRICT COURT
TRAVIS COUNTY, TEXAS

APPELLEE'S BRIEF

Belinda Roberts
Texas Bar No. 24058073
Belinda Roberts Law, PLLC
401 W. 15th Street, Suite 695
Austin, Texas 78701
b@belindarobertslaw.com
Tel: (512) 222-3509
Fax: (512) 852-4518

ATTORNEY FOR APPELLEE
NAIMA EL KHAOUA

APPELLEE REQUESTS ORAL ARGUMENT

NO. 03-14-00345-CV

CLIFFORD BART DUNBAR,
Appellant,

v.

NAIMA EL KHAOUA,
Appellee.

---

## IDENTITY OF PARTIES & COUNSEL

---

| PARTIES: | TRIAL AND APPELLATE COUNSEL: |
|---|---|
| CLIFFORD BART DUNBAR | Appellant, Pro Se<br>1782029 Stiles Unit<br>3060 F.M. 3514<br>Beaumont, Texas 77705 |
| NAIMA EL KHAOUA | Belinda Roberts<br>Trial Counsel and Lead Appellate Counsel<br>Texas Bar No. 24058073<br>Belinda Roberts Law, PLLC<br>401 W. 15th Street, Suite 695<br>Austin, Texas 78701<br>b@belindarobertslaw.com<br>Tel: (512) 222-3509<br>Fax: (512) 852-4518 |
| | Molly Mayhall Vandervoort<br>Appellate Co-Counsel<br>Texas Bar No. 24048265<br>Law Office of Molly Mayhall Vandervoort<br>P.O. Box 10905<br>Austin, Texas 78766<br>molly@mayhallvandervoort.com<br>Tel. (512) 537-9431<br>Fax: (512) 870-9544 |

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................. i

INDEX OF AUTHORITIES ....................................................................... iii

I.   STATEMENT OF THE CASE ...............................................................1

II.  REPLY POINTS ......................................................................................2

III. STATEMENT OF FACTS ......................................................................2

IV. SUMMARY OF THE ARGUMENT ....................................................3

V.  ARGUMENT & AUTHORITIES...........................................................4

   A.   Reply to issue 1: Appellant was properly served with notice of the divorce
proceedings but waived his right to appear and defend himself. .........................4

     i.   Appellant made no request to participate in the divorce proceedings in
person or by other means.....................................................................................4

     ii.  The Appellant did not timely file his request for de novo hearing. ...........7

     iii.  The Appellant failed to make the required showings in his motion for
new trial after his post-answer default and failed to pursue a ruling on it. .......8

   B.   Reply to issue 2: The trial court did not abuse its discretion in permitting
Appellee to amend her petition................................................................................10

     i.   All arguments related to the Appellant's felony conviction are moot
because the conviction was not used in a way that affected the outcome.......10

     ii.  The Appellant failed to show that the trial court abused its discretion by

allowing Appellee to amend her petition............................................................12

   iii.   Appellee's amendment did not re-start the 60-day waiting period..........14

C.   Reply to issue 3: The trial court did not abuse its discretion by including Appellant's felony conviction as a grounds for divorce......................................15

D.   Reply to issue 4: The trial court did not abuse its discretion in its division of the marital estate................................................................................................17

   i.   Evidence before the trial court...................................................................18

   ii.   Legal sufficiency of the evidence. .............................................................19

   iii.   Factual sufficiency of the evidence ..........................................................20

   iv.   The trial court's decision was not arbitrary or unreasonable ...................21

VI. CONCLUSION ................................................................................................26

VII.   PRAYER ....................................................................................................27

CERTIFICATE OF COMPLIANCE ...................................................................28

CERTIFICATE OF SERVICE.............................................................................28

# INDEX OF AUTHORITIES

**Cases**

*Bell v. Bell*, 513 S.W.2d 20 (Tex. 1974)................................................................17

*Chapin & Chapin, Inc. v. Texas Sand & Gravel Co.*, 844 S.W.2d 664 (Tex. 1992) ................................................................................................13

*Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. 1939) ..............8

*Cusack v. Cusack*, 491 S.W.2d 714 (Tex.Civ.App.--Corpus Christi 1973, writ dism'd)................................................................................................10

*Doyle v. Doyle*, 955 S.W.2d 478 (Tex. App.--Austin 1997, no pet.) ......................18

*Goswami v. Metropolitan S & L Ass'n*, 751 S.W.2d 487 (Tex. 1988)..............12, 13

*Gutierrez v. Davila*, No. 04-09-00745-CV, 2010 Tex. App. LEXIS 9469 (Tex. App.—San Antonio 2010, no pet.) ................................................14, 15

*Holt Atherton Industries, Inc., v. Heine*, 835 S.W.2d 80 (Tex. 1992)......................8

*In re Marriage of Brown*, 187 S.W. 3d 143 (Tex. App.—Waco 2006, no pet.)................................................................................21, 24, 25, 26

*In re Z.L.T.*, 124 S.W.3d 163 (Tex. 2003)................................................................5

*Larson v. Giesenschlag*, 368 S.W.3d 792 (Tex. App.—Austin 2012, no pet.) .4, 5, 6

*Mansfield State Bank v. Cohn*, 573 S.W.2d 181 (Tex. 1978)...................................4

*Murff v. Murff*, 615 S.W.2d 696 (Tex. 1981) ..............................................17, 20, 22

*O'Carolan v. Hopper*, 71 S.W.3d 529 (Tex. App.--Austin 2002, no pet.) ........22, 23

*Phillips v. Phillips*, 75 S.W.3d 564 (Tex. App.—Beaumont 2002, no pet.) .....23, 24

*Pletcher v. Goetz*, 9 S.W.3d 442 (Tex. App.--Fort Worth 1999, pet. denied).........17

*Schlueter v. Schlueter*, 975 S.W.2d 584 (Tex. 1998) ...............................................22

*Zeifman v. Michels*, 212 S.W.3d 582 (Tex. App.--Austin 2006, pet. denied)17, 18, 19, 20

**Statutes**

Tex. Fam. Code Ann. § 201(a) (West 2014) ...........................................................7

Tex. Fam. Code Ann. § 6.001 (West 2006)...........................................................11

Tex. Fam. Code Ann. § 6.004 (West 2006)......................................................15, 16

Tex. Fam. Code Ann. § 7.001 (West 2006)..........................................................21

**Rules**

Tex. R. Civ. P. 21 ................................................................................................12

Tex. R. Civ. P. 299 ..............................................................................................11

Tex. R. Civ. P. 329b ..............................................................................................9

Tex. R. Civ. P. 63 ................................................................................................12

Tex. R. Evid. 803(22) .....................................................................................15, 16

| CLIFFORD BART DUNBAR | § | IN THE THIRD |
|---|---|---|
| Appellant, | § | |
| | § | |
| v. | § | COURT OF APPEALS |
| | § | |
| NAIMA EL KHAOUA | § | |
| Appellee. | § | AUSTIN, TEXAS |

TO THE HONORABLE THIRD COURT OF APPEALS:

Appellee, Naima El Khaoua, files this brief in response to Appellant, Clifford Bart Dunbar's appeal of the trial court's Final Decree of Divorce rendered February 20, 2014, in Cause No. D-1-FM-13-003004 in the 200th District Court, Travis County, Texas (C.R. 40-49), and in support thereof would show this Honorable Court the following:

## I. STATEMENT OF THE CASE

Appellee generally agrees with Appellant's statement of the procedural history of the case, except as follows:

- Appellee does not stipulate to the timeliness of any of Appellant's post-motion filings.

- Appellant filed his request for a de novo hearing on March 6, 2014, which was 10 working days after the judgment was signed. (C.R. 50).

- Appellant did not provide proposed Findings of Fact and Conclusions of Law to the trial court when he made his request. (C.R. 57-59).

1

- Appellant did not request a hearing on his motion for new trial. (C.R. 61-66).

## II.    REPLY POINTS

**Reply to issue 1:** Appellant was properly served with notice of the divorce proceedings but waived his right to appear and defend himself.

**Reply to issue 2:** The trial court did not abuse its discretion in permitting Appellee to amend her petition.

**Reply to issue 3:** The trial court did not abuse its discretion by including Appellant's felony conviction as a grounds for divorce.

**Reply to issue 4:** The trial court did not abuse its discretion in its division of the marital estate.

## III.    STATEMENT OF FACTS

Appellee generally accepts Appellant's statement of the facts of case, but would add:

- The record reflects different dates of marriage. Appellant says the couple were married in October 2000 (C.R. 18-20), Appellee says the couple wed in September 2000 (C.R. 38; R.R. 4:23-24).

- The record is also unclear on when the Appellant and Appellee stopped living together as husband and wife.  Appellee's pleadings state that the couple separated on April 12, 2008 (C.R. 38) whereas the Appellant claims

they separated in April 2009 (C.R. 18). The reporter's record also reflects April 2009 as the separation date. (R.R. 4:25-5:2).

- During the separation, Appellant doing more than just "visiting a friend." He was evading law enforcement (R.R. 7:3-5).

- The Appellant has been in prison ever since his arrest in 2009 (R.R. 6:1-5).

- The Appellant took community property valued at over $5,000 when he left, which left the Appellee with nothing (R.R. 6:21-7:2).

## IV. SUMMARY OF THE ARGUMENT

The Appellant's issues in this appeal can all be attributed to his dissatisfaction with trial court's rulings and findings after he declined to participate in the proceedings. But dissatisfaction does not equal error on the trial court's part. The trial court did not abuse its discretion or otherwise err on any of the four issues set out by the Appellant. On the contrary, the trial court went out of its way, on its own motion, to accommodate the Appellant at trial by taking judicial notice of the Appellant's answer, which would normally be inadmissible. However, the trial court appropriately stopped short of advocating for the Appellant, which is what the Appellant now requests. In the same vein, the Appellant repeatedly asks for leniency in his brief and in his post-answer motions because he is not a licensed attorney, in spite of his refusal to hire or request an attorney from the outset of the

3

proceedings. *See, e.g.*, Appellant's Brief at 19 and C.R. at 20.[1] It is well-settled that *pro se* litigants are bound to the same procedural and substantive standards as litigants represented by counsel. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978). If Appellant had received the special consideration he now demands, it would have been impermissibly prejudicial to the Appellee, who did retain and pay for legal counsel in spite of her own financial limitations. As such, the trial court's final decree of divorce should be affirmed.

## V.  ARGUMENT & AUTHORITIES

### A. Reply to issue 1: Appellant was properly served with notice of the divorce proceedings but waived his right to appear and defend himself.

#### i.  Appellant made no request to participate in the divorce proceedings in person or by other means.

It is undisputed that Appellant was served with notice of the divorce suit and received sufficient notice of the trial. Appellant's Brief at 1-2 and 4. Appellant's due process argument is based on his assertion that he was denied the right to appear and defend himself because he is incarcerated. Appellant's Brief at 8. The standard of review for a trial court's decision on an inmate's request to participate in court proceedings is abuse of discretion. *Larson v. Giesenschlag*, 368 S.W.3d 792, 797 (Tex. App.—Austin 2012, no pet.). A trial court abuses its discretion if it

---

[1] Appellant stated in his answer, "I do not have an attorney, nor do I wish to proceed with one."

fails to act on the inmate's request for participation, in person or by other means, and as a result effectively bars the inmate from presenting his case. *Id.* The trial court in this case did not abuse its discretion because the Appellant made no request to participate in the trial in person or otherwise, in spite of receiving proper notice.

The Appellant is correct that litigants cannot be denied access to the courts simply because they are inmates, but an inmate does not have an absolute right to appear in each proceeding. *In re Z.L.T.*, 124 S.W.3d 163, 165 (Tex. 2003). It is the inmate's burden to file a request for a bench warrant that provides the trial court with sufficient factual information to weigh the inmate's right of access to the courts against the protection of our correctional system's integrity.[2] *Id.* at 166.

The trial court in the present case never reached that inquiry because the Appellant never requested a bench warrant. The closest the Appellant came to making such a request appears in his answer: "I am currently incarcerated by the Texas Department of Criminal Justice. Thus if for any reason the Court requires my presence the Court will need to bench warrant me back to Travis County."

---

[2] The relevant factors to consider include: (i) the cost and inconvenience of transporting the prisoner to the courtroom, (ii) the security risk that the prisoner presents to the court and the public, (iii) whether the prisoner's claims are substantial, (iv) whether the case may be delayed until the prisoner is released, (v) whether the prisoner can and will offer admissible, noncumulative testimony that cannot be effectively presented by some other means, (vi) whether the prisoner's presence is important in judging his credibility and demeanor, (vii) whether the trial is to the court or to the jury, and (viii) the prisoner's probability of success on the merits. *In re Z.L.T.*, 124 S.W.3d at 165-66.

(C.R. 20). The Appellant made no clear indication that he wanted to appear personally before the court, and he provided none of the factual information required to demonstrate to the court that his interest in appearing at trial outweighed the impact on the correctional system. The court is not required to independently inquire into relevant facts not provided by the inmate, *id.* at 166, so it follows that the court had no duty to issue a bench warrant that had not even been requested.

The Appellant relies on *Larson v. Giesenschlag*, 368 S.W.3d 792, 797 (Tex. App.—Austin 2012, no pet.), to point out that even if a pro se inmate is denied the opportunity to appear at trial in person, a trial court should nonetheless afford the inmate an opportunity to participate by affidavit, deposition, telephone, or other effective means. This case can be distinguished from *Larson*, however. The appellant in *Larson* requested a continuance until his (imminent) release, requested appointment of counsel, and made "numerous attempts to present his case from prison through objections and affidavits." *Id.* at 798. In contrast, prior to the trial the Appellant filed an answer (C.R. 18-20) and a proposed property division (C.R. 32-33), but he made no request to offer evidence by affidavit, deposition, by telephone, or by any other means.[3] Nor did he request appointment of counsel or a

---

[3] The Appellant states in his brief that he attempted to participate in the proceedings "on several occasions," Appellant's Brief at 8, but then cites to a page of his motion for new trial which does not appear to support this contention. A review of the record shows that the Appellant's attempts

continuance in order to obtain an attorney. In fact, the Appellant stated in his answer that he did not wish to proceed with an attorney (C.R. 20). Nonetheless, the trial court made the most of what the Appellant did present by taking judicial notice of its file, including the Appellant's answer. (R.R. 7:16-17). The trial court did not abuse its discretion by declining to engage in any further advocacy on the Appellant's behalf.

### ii. The Appellant did not timely file his request for de novo hearing.

The Appellant complains that his request for a de novo hearing was not granted, but he failed to timely file the request. The Family Code provides that in cases heard by an associate judge, as this case was, parties have the right to request a de novo hearing before a district judge. Tex. Fam. Code Ann. § 201(a) (West 2014). The request must be made no later than the third working day after the opposing party receives notice of the associate judge's judgment. *Id.* The record is silent as to when the Appellant received notice of the judgment, but the judgment was rendered on February 20, 2014, and the Appellant did not file his request for de novo hearing until 10 working days later (March 6, 2014). (C.R. 50). It is Appellant's burden to provide evidence of the date he received the notice in order to prove compliance with the statute. He failed to do so, and therefore his request was properly denied.

---

to participate were made after trial, after he had waived his right to participate.

7

### iii. The Appellant failed to make the required showings in his motion for new trial after his post-answer default and failed to pursue a ruling on it.

The Appellant further waived his right to participate in trial by failing to make the required showings in order to obtain a new trial after his post-answer default and by failing to secure a ruling on his motion. When a litigant fails to appear after proper notice of trial, in order to successfully challenge the default judgment he must set forth facts to show all three of the following: (1) the failure to answer was not intentional or the result of conscious indifference but was due to a mistake or an accident, (2) the motion for new trial set up a meritorious defense, and (3) the motion will not cause the non-movant any delay or injury. *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. 1939). Conclusory allegations are insufficient to establish the *Craddock* factors, *Holt Atherton Industries, Inc., v. Heine*, 835 S.W.2d 80, 82 (Tex. 1992), but the Appellant's motion consists mainly of conclusory and misleading allegations which are belied by the record. For instance, rather than "being prevented from being [at trial] by the State of Texas," Appellant's failure to make a request to appear at trial in person or by alternate means amounts to conscious indifference. (C.R. 61) As will be explained further below, the Appellant did not present any meritorious defense. Finally, the Appellant made no statement at all regarding delay or injury to the

8

Appellee. Because the Appellant failed to meet his burden under *Craddock*, he has waived his right to a new trial.

In addition to its substantive defects, the Appellant failed to secure a ruling on his motion for new trial. The record reflects that the Appellant made no request to set it for hearing, and the motion was overruled by operation of law seventy-five days after the judgment was signed. *See* Tex. R. Civ. P. 329b.

The trial court took no action that barred the Appellant from effectively presenting his case. In fact, the trial court demonstrated its intent to give as much evidentiary effect as possible to the Appellant's filings when it took judicial notice of the Appellant's answer although it would normally be inadmissible as evidence. (R.R. 7:16-17). The Appellant has not met his burden to show that the trial court abused its discretion either at trial or in denying the Appellant's post-trial motions. The Appellant waived his right to participate because he never requested a bench warrant or any alternative means of presenting his case, because he failed to show that he was entitled to a new trial under *Craddock*, because he failed to timely file his de novo request, and because he failed to secure a ruling on his motion for new trial.

**B. Reply to issue 2: The trial court did not abuse its discretion in permitting Appellee to amend her petition.**

**i. All arguments related to the Appellant's felony conviction are moot because the conviction was not used in a way that affected the outcome**

The Appellant's second and third issues both relate to the trial court's consideration of the Appellant's felony conviction in the divorce proceedings. Issue number two consists of two arguments relating to the Appellee's Amended Petition, which added the Appellant's felony conviction as grounds for the divorce and as possible grounds for an unequal distribution of the marital property. (C.R. 37-39). Issue number three, which will be discussed further below in Section C, contends that the court improperly considered his felony conviction as grounds for divorce because the conviction is still under appeal and therefore, according to the Appellant, is not "final" and cannot be "used against" him. Appellant's Brief at 12.

All of Appellant's arguments related to the felony conviction are moot for two reasons. First, sufficient grounds were present to grant divorce on the grounds of insupportability. When insupportability is relied on as grounds for divorce and is established by evidence, a divorce must be granted. *Cusack v. Cusack*, 491 S.W.2d 714 (Tex.Civ.App.--Corpus Christi 1973, writ dism'd). Appellee testified that the marriage had become unworkable because of conflict in the marriage that destroyed the legitimate ends of the marital relationship. (R.R. 16-25). Her testimony was sufficient to establish that divorce should be granted on

10

insupportability grounds. Tex. Fam. Code Ann. § 6.001 (West 2006). Moreover, Appellant agreed in his answer and in his brief that divorce was appropriate on grounds of insupportability. Appellant's Brief at 15 and C.R. 18.

Second, according to the trial court's Findings of Fact and Conclusions of Law, the felony conviction was not a factor considered in the division of the marital estate. (C.R. 74). Texas Rule of Civil Procedure 299 provides that "findings of fact form the basis of the judgment upon all grounds of recovery." In its findings the trial court cited the following as factors considered in just and right division:

> In 2008 the Respondent suddenly left town and did not make the Petitioner aware that he was leaving town. The Respondent took the jointly vehicle owned (*sic*) when he left town. Months after the Respondent left town with the jointly owned vehicle the Respondent depleted the joint savings account of the Petitioner and the Respondent of $5,000.00. The Petitioner later learned that the Respondent was evading law enforcement. (C.R. 74).

Because divorce could be granted on stipulated grounds independent from the felony conviction and the felony conviction was not a factor considered in the division of the marital estate, Appellant was not harmed by the inclusion of his felony conviction as grounds for the divorce and his arguments against such inclusion should therefore be rejected.

11

### ii. The Appellant failed to show that the trial court abused its discretion by allowing Appellee to amend her petition.

Even if the felony had been considered in the division of property, the Appellant failed to show that the trial court abused its discretion in allowing the Appellee to amend her petition. Appellant first incorrectly relies on Texas Rules of Civil Procedure 21 and 21a to argue that the Appellee's Amended Petition was required to be filed more than three days before hearing. Appellant's argument omits the fact that Texas Rule of Civil Procedure 21 expressly allows that a "pleading, plea, motion, or application to the court for an order" may be presented even during a hearing or trial. The three days' notice provision in the rule does not apply if "otherwise provided by these rules or shortened by the court." Tex. R. Civ. P. 21. Texas Rule of Civil Procedure 63 provides that amendments to pleadings may be done less than seven days before trial with leave of court, and that a judge must grant leave unless there is a showing that the amendment will cause surprise to the opposite party.

Although the record does not show formal leave of court to file the Amended Petition, the trial court cured the failure to obtain leave of court by considering the amended pleading in the proceedings. In *Goswami v. Metropolitan S & L Ass'n,* 751 S.W.2d 487, 490 (Tex. 1988), as in this case, the record did not reflect whether leave of court to amend a petition was requested, refused, or granted. The *Goswami* court concluded that leave of court could be presumed

12

because (1) the amended petition was a part of the record before the trial court and the trial court's judgment states that all pleadings on file were considered by the court, (2) the record was silent of any basis to conclude that the amended petition was not considered by the trial court, and (3) the opposing party did not show surprise or prejudice. *Id.* Similarly, the amended petition was part of the record before the trial court in this case (C.R. 37-39), and the trial court included the felony conviction as grounds for divorce in its Conclusion of Law number 4 (C.R. 74), so it had to have considered the Appellee's Amended Petition. Furthermore, no objection was made to the amendment until after the trial date, so it can be presumed that the failure to obtain leave was cured by the court's action.

A trial court has no discretion to deny an amended petition unless the opposing party presents evidence of surprise or prejudice, or if the amendment is prejudicial on its face. *Chapin & Chapin, Inc. v. Texas Sand & Gravel Co.*, 844 S.W.2d 664, 665 (Tex. 1992). In *Chapin*, the court reasoned that an amendment is prejudicial on its face if it asserts a new cause of action or defense, as opposed to an amendment that is merely procedural and does not change any substantive issues in the trial. *Id.* There was no evidence of surprise or prejudice to the Appellant before the court at trial, and Appellant made no showing of surprise or prejudice in his Motion for New Trial, therefore he has waived his objection to the amendment. Additionally the amendment is not prejudicial on its face because

13

Appellee had already requested an unequal division of the marital property in her inventory filed on February 3, 2014. (C.R. 30).[4] The amendment did nothing to alter the requested property division, but merely added additional information that could serve as grounds for divorce or for the unequal property division previously requested. The Appellant evidenced his receipt of the proposed property division by filing his own proposal in response prior to trial. (C.R. 32-33). The Appellant has failed to meet his burden to show that the trial court abused its discretion by allowing the Appellee's amendment.

### iii. Appellee's amendment did not re-start the 60-day waiting period.

Appellant's next attack on the court's consideration of his felony conviction is to argue that the Amended Petition re-started the 60-day statutory waiting period before divorce can be granted. Appellant's Brief at 10. Appellant argues that since the Amended Petition was filed just days before the trial, the court could not have granted divorce based on the Amended Petition and could not consider the felony conviction included therein. *Id.* However, the case Appellant relies on, *Gutierrez v. Davila*, No. 04-09-00745-CV, 2010 Tex. App. LEXIS 9469 (Tex. App.—San Antonio 2010, no pet.), can be distinguished from the current case. The court in

---

[4] In addition to that, the Appellee communicated her intent to have the house awarded solely to her by asking the court (albeit incorrectly) to confirm the house as her separate property in her *pro se* Petition filed May 30, 2013. (C.R. 9). The characterization error was fixed with Appellee's proposed property division (C.R. 30), but it did serve to put Appellant on notice that Appellee would request to have the house awarded to her in the property division.

*Gutierrez* held that an amended petition re-started the 60-day statutory waiting period because it corrected a fatal defect in the original petition. Since divorce could not have been granted based on the defective petition, the court reasoned that the 60-day waiting period must start from the time the defect was corrected. *Id.* In the present case, the Original Petition for Divorce was not defective, but merely omitted possible grounds. Because the Original Petition did not contain a defect that would preclude divorce, the 60-day waiting period started on the filing of the Original Petition and was not re-set upon the filing of the Amended Petition.

**C. Reply to issue 3: The trial court did not abuse its discretion by including Appellant's felony conviction as a grounds for divorce.**

In his third issue, Appellant contends that his felony conviction was not properly before the court because it is still under appeal. The Texas Family Code makes no such limitation on consideration of a spouse's felony conviction, and therefore the court did not err in its finding that the felony conviction is appropriate grounds on which to grant the divorce.

A divorce may be granted if a spouse (1) has been convicted of a felony; (2) has been imprisoned for at least one year in the Texas Department of Criminal Justice; and (3) has not been pardoned. Tex. Fam. Code Ann. § 6.004 (West 2006). Appellant does not dispute the truth of any of these elements, but incorrectly relies on Texas Rule of Evidence 803(22) to assert: "A felony conviction cannot be counted and used against a person until it has become final." Appellant's Brief at

12. The hearsay exception under Texas Rule of Evidence 803(22) allows a party to use evidence of a conviction to prove the truth of *any of the underlying facts that were essential to sustain the conviction*, unless the conviction is under appeal. The rule does not refer or apply to evidence proving the fact of the conviction itself. Appellee did not use Appellant's conviction for proof of any fact that was necessary to obtain the conviction, and therefore Texas Rule of Evidence 803(22) is inapplicable to this case.

The Appellee testified (1) that the Appellant had been convicted of a felony (R.R. 5:19-22); (2) that the Appellant had been incarcerated since 2009 (R.R. 6:4-5); and (3) that he was still in prison (and thus had not been pardoned) on the date of trial (R.R. 6:1-3). This uncontroverted testimony is sufficient to establish the elements required by Family Code § 6.004, and is therefore proper grounds on which to grant a divorce.

Again, even if the felony conviction was not properly before the court, Appellant's argument is moot because the felony conviction was not used in a way that harmed the Appellant. The trial court ruled that the felony conviction was proper grounds for divorce, but did not consider the conviction in its property division, which is the only portion of the divorce decree in dispute.

16

**D. Reply to issue 4: The trial court did not abuse its discretion in its division of the marital estate.**

The Appellant's fourth issue rests mainly on his assertion that a property division awarding one hundred percent of a marital estate to one party and nothing to the other is categorically inequitable and a clear abuse of discretion. Appellant's Brief at 16. But trial courts have broad discretion in dividing a marital estate, and it is presumed that the trial court exercised its discretion properly. *Murff v. Murff*, 615 S.W.2d 696, 698-99 (Tex. 1981). An appellate court may correct the trial court's division of marital property only when a clear abuse of discretion has been established. *Murff*, 615 S.W.2d at 698; *Bell v. Bell*, 513 S.W.2d 20, 22 (Tex. 1974). The test for abuse of discretion is whether the trial court acted arbitrarily and unreasonably or without regard to guiding rules or principles. *Zeifman v. Michels*, 212 S.W.3d 582, 587 (Tex. App.--Austin 2006, pet. denied). The opposing party has the burden to prove that an abuse of discretion has occurred. *Pletcher v. Goetz*, 9 S.W.3d 442, 445 (Tex. App.--Fort Worth 1999, pet. denied). The Appellant has not met his burden to show that the trial court abused its discretion in its division of the marital estate. The findings of fact and trial record show that there was sufficient evidence before the court to support its property division and that the court did not act arbitrarily or unreasonably.

Under an abuse of discretion standard in a family-law case, legal and factual insufficiency are not independent grounds for reversal but are instead relevant

17

factors in assessing whether the trial court abused its discretion. *Doyle v. Doyle*, 955 S.W.2d 478, 479 (Tex. App.--Austin 1997, no pet.). To determine whether the trial court abused its discretion due to legally or factually insufficient evidence, appellate courts engage in a two-pronged inquiry, considering (1) whether the trial court had sufficient evidence on which to exercise its discretion, and (2) whether it erred in its application of that discretion. *Zeifman v. Michels*, 212 S.W.3d 582, 587 (Tex. App.--Austin 2006, pet. denied). Under the first prong, the traditional evidence-sufficiency standards are applied, and then it must be determined whether, under the second prong, the trial court's decision was arbitrary or unreasonable. *Id.* The mere fact that a trial court decided an issue in a manner differently than an appellate court would under similar circumstances does not establish an abuse of discretion. *Zeifman*, 212 S.W.3d at 587. An abuse of discretion does not occur as long as some evidence of a substantive and probative character exists to support the trial court's decision. *Id.*

### i. Evidence before the trial court.

In support of her proposed property division, the Appellee gave the following testimony:

Q. Are you asking today for a disproportionate
share of assets?
A. Yes.
Q. And why are you asking for a disproportionate
share?

A. Since when he left in 2009, he took everything, and he took my -- he used my saving accounts, and my one account he left me without nothing, zero, in my statement. He took over $5,000. And he took the cars.
Q. Did you later learn that he was running from the police?
A. I heard this after when it happened. (R.R. 6:18-7:5)

The Appellee's testimony supports the trial court's findings regarding the division of property: (1) that the Appellant suddenly left town without the Appellee's knowledge,[5] (2) that the Appellant took assets of at least $5,000 and a jointly owned vehicle, and (3) the Appellant was evading law enforcement. (C.R. 74).

## ii. Legal sufficiency of the evidence.

When an appellant attacks the legal sufficiency of an adverse finding on an issue on which he did not have the burden of proof, the appellant must demonstrate on appeal that there is no evidence to support the adverse finding. *Zeifman*, 212 S.W.3d at 588.[6] The Appellant has not asserted or demonstrated that there was no evidence on the record to support the court's findings regarding the property division. Instead, his sufficiency argument hinges on his belief that the court disregarded his statements and proposed property division. Appellant's Brief at 17.

---

[5] The Finding of Fact cites 2008 as the year the Appellant left. (C.R. 74). It is unclear from the record whether the Appellant left in 2008 or 2009, but this discrepancy does not affect the outcome of the case.

[6] A legal sufficiency challenge may be sustained when (1) the record discloses a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla; or (4) the evidence establishes conclusively the opposite of a vital fact. *Zeifman*, 212 S.W.3d at 588 (citing *Uniroyal Goodrich Tire Co. v. Martinez*, 977 S.W.2d 328, 334 (Tex. 1998)).

The legal sufficiency inquiry does not take contrary evidence into account as long as there is more than a "mere scintilla" of admissible evidence to support the finding and there is no conclusive evidence that disproves a vital fact. *Zeifman*, 212 S.W.3d at 588. Appellant does not contend that the Appellee failed to present evidence to support her case, and none of the Appellant's evidence conclusively disproves a vital fact. Therefore, the Appellant has failed to establish that the Appellee's testimony was legally insufficient to support the trial court's findings.

### iii. Factual sufficiency of the evidence

When an appellant attacks the factual sufficiency of an adverse finding on an issue on which he did not have the burden of proof, he must demonstrate the finding is so contrary to the overwhelming weight of the evidence as to be clearly wrong and manifestly unjust. *Zeifman*, 212 S.W.3d at 588. When conducting a factual sufficiency review, a court of appeals must not merely substitute its judgment for that of the trier of fact. *Id.* In this case, the trial court acted as the fact-finder and is, therefore, the sole judge of the witnesses' credibility. See *Murff*, 615 S.W.2d at 700. A trial judge is vested with this discretion because he or she is best able to observe the witnesses' demeanor and personalities. *Zeifman*, 212 S.W.3d at 587. As such, the court was free to consider all the facts and circumstances in connection with the testimony of each witness and to accept or reject all or part of that testimony.

The Appellant made statements in his answer and proposed property division that contradicted the Appellee's testimony and proposed property division, but the trial court was free to assign whatever weight it deemed appropriate to the evidence provided by each side. For example, the Appellant asserted that the property division should include a 401(k) account and a business interest (C.R. 32), but provided no further identifying information or valuation for these alleged assets. The trial court properly disregarded this evidence because it would be an abuse of discretion to divide property without adequate information about what is being divided and its value. *In re Marriage of Brown*, 187 S.W. 3d 143, 147 (Tex. App.—Waco 2006, no pet.). Other contradictory allegations made by the Appellant were either irrelevant to the outcome, such as the dates of marriage and separation, or were corrected with later pleadings, such as the Appellee's initial characterization of the house as separate property. *See* Appellant's Brief at 14-16. The Appellant's statements did not constitute enough evidence that the trial court's findings were clearly wrong and manifestly unjust, therefore the trial court did not abuse its discretion.

### iv. The trial court's decision was not arbitrary or unreasonable

In dividing the community estate, the trial court must order a division of the property that it deems just and right, having due regard for the rights of each party. Tex. Fam. Code Ann. § 7.001 (West 2006). The division of the community estate

21

need not be equal, as long as it is equitable. *O'Carolan v. Hopper*, 71 S.W.3d 529, 532 (Tex. App.--Austin 2002, no pet.). Trial courts are permitted to consider a variety of factors in making a just and right division of property, including either party's waste of community assets. *Murff*, 615 S.W.2d at 698-99; *Schlueter v. Schlueter*, 975 S.W.2d 584, 589 (Tex. 1998).[7] In *Schlueter*, the Texas Supreme Court defined "waste of community assets" as the wrongful depletion of community assets without the other spouse's knowledge or consent. *Schlueter*, 975 S.W.2d at 589.

The trial court's findings of fact describe Appellant's waste of community assets as the grounds upon which the property division was made. (C.R. 74). Without the Appellee's knowledge or consent, the Appellant left town with their jointly owned car and later depleted the joint savings account of over $5,000. Considering the whole stipulated net worth of the community estate was only about $29,000 (see C.R. 30 and 32), $5,000 was a significant loss. It was not unreasonable or arbitrary for the court to consider this and to conclude that an unequal property division was warranted.

The record contains other facts that support the reasonableness of the court's findings. The house was purchased in November of 2008 according to the

---

[7] Other factors include: the parties' earning capacities, education, business opportunities, physical condition, financial condition, age, size of separate estates, and the nature of the property. *Murff*, 615 S.W.2d at 698-99.

22

Appellant (C.R. 19), but the Appellant has been in prison since 2009. (R.R. 6:1-5). Prior to his incarceration, the Appellant emptied out the couple's savings account (R.R. 6:23-7:2). Therefore, without the Appellant's support or joint savings to draw upon, the Appellee has shouldered the burden of paying the mortgage and maintaining the house for the past five years. In addition to awarding 100% ownership of the home to the Appellant, the trial court also awarded 100% of the mortgage debt to the Appellant. (C.R. 43). It is not unreasonable to consider that, because of the Appellant's actions, Appellee did not get the benefit of having a spouse to help with joint expenses, mortgage debt, and home maintenance.[8] Finally, approximately $20,000 of the $29,000 net value of the community estate consisted of home equity rather than liquid assets (C.R. 30 and 32). The split proposed by Appellant most likely would have required the Appellee to move out of her home and sell it because there were not enough liquid funds to pay the nearly $15,000 Appellant believes he is entitled to (C.R. 32). This would have been an unjust result for Appellee.

The Appellant cites *Phillips v. Phillips* to support his contention that the trial court erred in considering fault in its just and right division. 75 S.W.3d 564 (Tex. App.—Beaumont 2002, no pet.); Appellant's Brief at 13. The *Phillips* court did

---

[8] When making a just and right division, the court may consider the benefits the spouse that did not cause the breakup of the marriage would have enjoyed had the marriage continued. *O'Carolan v. Hopper*, 71 S.W.3d at 532.

indeed hold that when divorce is sought solely on insupportability grounds, "evidence of 'fault' becomes irrelevant as an analytical construct and may not be considered by the trial court in its 'just and right' division of the community estate." *Phillips*, 75 S.W.3d at 572. This holding was criticized in *In re Marriage of Brown*, 187 S.W.3d 143, 146 (Tex. App.—Waco 2006, no pet.), which relied on the concurrence from *Phillips* to conclude that a trial court should have discretion to consider proven fault when dividing the community estate regardless of the basis for granting the divorce:

> What is 'just and right' in dividing property should not depend on the ground on which the divorce is granted; the just and right division of property is separate from the dissolution issue. If one spouse's conduct causes the destruction of the financial benefits of a particular marriage, benefits on which the other spouse relied, a trial court should have discretion to consider that factor in dividing the community estate—regardless of the basis for granting the divorce. *Brown*, 187 S.W.3d at 145 (citing *Phillips*, 75 S.W.3d at 576).

Regardless, the *Phillips* court included waste of community assets as a "non-fault" factor that could be considered even in cases where insupportability was the sole ground pleaded for divorce. *Phillips*, 75 S.W.3d at 573. Appellee has already established that the trial court did not consider the Appellant's felony, but did consider the Appellant's waste of community assets in its just and right division. Therefore, the trial court's decision in this case is consistent with both the *Phillips* and the *Brown* holdings.

Finally, the Appellant asserts without support, "A division of all to one party and zero to the other is clearly inequitable and disproportionate." Appellant's Brief at 16. The *Brown* case is instructive on this issue because it also involved a property division where one party received 100% of the community property and the other (incarcerated) party received only personal effects. 187 S.W.3d at 147. The court rejected the property division and remanded the case, but not because of the apparent unevenness of the split. The court stated, "We do not conclude that a just and right division could not result in this division, but rather based upon this record, the trial court abused its discretion." *Brown*, 187 S.W.3d at 148. The court reasoned that abuse of discretion had occurred because the trial court was not provided adequate information about what was being divided, the value of assets, and outstanding debts. *Id.* The trial court also improperly considered the uses for which the incarcerated spouse might spend his community share as opposed to how his intended uses may have reflected on his financial needs and circumstances. *Id.* The implication was that his intended uses were wasteful and therefore he did not need the money. *Id.*

The current case can be distinguished from *Brown*. Here, the trial court was provided an inventory of the assets and debts of the community estate, which included valuations and was mostly uncontested. (C.R. 30 and 32). Additionally, the trial court did not speculate as to how Appellant might use "his share" of the

community property, but instead based its decision on the uncontroverted testimony that the parties had not lived together for many years and that Appellant had taken significant community assets without the Appellee's consent or knowledge. (C.R. 74).

One additional distinguishing factor of the *Brown* case is that the trial court in the *Brown* case denied the incarcerated party's request for a bench warrant, did not allow him to participate by other means, and conducted the trial on the merits without notice to him. 187 S.W.3d at 146. In this case, the Appellant had proper notice of the trial, but neglected to request a bench warrant or participation by other means.

The evidence before the trial court was legally and factually sufficient to support the trial court's findings, and the trial court's property division was not arbitrary or unreasonable given the facts of the case. As such, the trial court did not abuse its discretion.

## VI. CONCLUSION

The Appellant chose not to hire legal counsel and did not properly preserve his right to participate in the proceedings. The Appellee provided the trial court with sufficient evidence to show that she was entitled to divorce and that her proposed property division was just and right, even without consideration of the Appellant's felony conviction. The fact that Appellant is now dissatisfied with the

26

result does not mean the trial court erred or abused its discretion. The Appellant has failed to meet his burden on all of the issues before the court. Therefore, the final decree of divorce should be affirmed.

## VII.  PRAYER

NAIMA EL KHAOUA asks the Court to overrule Appellant's issues and to affirm the trial court's final decree of divorce.

Respectfully submitted,

Belinda Roberts
Texas Bar No. 24058073
Belinda Roberts Law, PLLC
401 W. 15th Street, Suite 695
Austin, Texas 78701
b@belindarobertslaw.com
Tel: (512) 222-3509
Fax: (512) 852-4518

ATTORNEY FOR APPELLEE
NAIMA EL KHAOUA

## CERTIFICATE OF COMPLIANCE

I certify that this document was produced on a computer using Microsoft Word 2013 and contains 5946 words, as determined by the computer software's word-count function, excluding the sections of the document listed in Texas Rule of Appellate Procedure 9.4(i)(1).

_____
Belinda Roberts

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of Appellee's Brief was served on Appellant, CLIFFORD BART DUNBAR, on the 9th day of January, 2015:

VIA OVERNIGHT CARRIER-USPS
Mark W. Stiles Unit
3060 FM 3514
Beaumont, Texas 77705

_____
Belinda Roberts