**In the Matter of the MARRIAGE OF Robert Brice DAUGHERTY and Laurie Ann Daugherty.**

No. 06–00–00125–CV.

Court of Appeals of Texas, Texarkana.

Submitted March 22, 2001.

Decided March 23, 2001.

Robert Brice Daugherty, pro se.

Laurie Ann Daugherty (Reynolds), pro se.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

Opinion by Chief Justice CORNELIUS.

## OPINION

Robert Daugherty appeals from the trial court's judgment granting his divorce from Laurie Daugherty. Robert and Laurie were married on February 12, 1998. They were married for about two weeks before Robert was incarcerated. Robert filed his pro se petition for divorce on July 13, 1999, while he was still incarcerated.

In his petition and in subsequent filings, Robert listed various items of his separate property, which he valued at over $31,000.00. He requested that the trial court award him that property. He also listed a 1992 Ford Explorer, which he claimed was acquired during the marriage in part with his separate property and in part with Laurie's separate property. He requested a just and right division of that vehicle.

Laurie filed an answer and appeared at trial, but Robert did not appear. The court awarded Laurie (1) all clothing, jewelry, and other personal effects in her possession or subject to her sole control, (2) a one-half interest in the Ford Explorer, and (3) the use and maintenance of that vehicle until Robert is released from prison. The court awarded Robert (1) all clothing, jewelry, and other personal effects in his possession or subject to his sole control, (2) a one-half interest in the Ford Explorer, and (3) certain items of property seized by the State of Texas on January 26, 1998.

On appeal, Robert contends the trial court erred by (1) denying him the right to be present at the trial, (2) awarding him only a one-half interest in the Ford Explorer, (3) allowing Laurie the use of the vehicle until his release, and (4) effectively awarding items of his separate property to Laurie. Laurie has not filed an appellate brief.

■ The trial court must make a just and right division of the marital estate with due regard for the rights of each party. TEX. FAM. CODE ANN. § 7.001 (Vernon 1998). The division of property should be corrected on appeal only if the trial court clearly abused its discretion by ordering a division that was manifestly unjust or unfair. *In re Marriage of Taylor*, 992 S.W.2d 616, 620 (Tex.App.—Texarkana 1999, no pet.).

■ The trial court may not divest a party of his or her separate property. *Cameron v. Cameron*, 641 S.W.2d 210, 219 (Tex.1982). Property possessed by either spouse during or at the dissolution of the marriage is presumed to be community property, but that presumption may be rebutted by clear and convincing evidence. TEX. FAM. CODE ANN. § 3.003 (Vernon 1998); *Cockerham v. Cockerham*, 527 S.W.2d 162, 167 (Tex.1975). If a party shows that property was purchased in part with that party's separate funds and in part with community funds, the property is held in a tenancy in common between the party and the community estate. *Cockerham v. Cockerham*, 527 S.W.2d at 168–69. Similarly, if the property is shown to have been purchased with the separate funds of each spouse, the spouses hold the property as tenants in common. *Estapa v. Saldana*, 218 S.W.2d 222, 224 (Tex.Civ.App.—San Antonio 1948, writ ref'd n.r.e.).

■ When a spouse uses separate funds to acquire property during the mar-

riage and takes title to that property in the names of both spouses, a presumption arises that the purchasing spouse intended to make a gift of one half of the separate funds to the other spouse. *Cockerham v. Cockerham,* 527 S.W.2d at 168. That presumption may be rebutted by evidence of the absence of an intent to make a gift.

Robert did not appear at the trial, so the only evidence was presented by Laurie. She testified as follows:

> Q. And you're asking the Court to divide the property in accordance with the law; is that correct?
>
> A. Yes, sir.
>
> Q. And you have accumulated personal effects which you ask the Court to award you, and Mr. Daugherty has accumulated personal effects which you ask the Court to award to him?
>
> A. Yes, sir.
>
> Q. The only item of property that you-all have accumulated during the marriage is a 1992 Ford Explorer?
>
> A. Yes, sir.
>
> Q. And is that vehicle paid for?
>
> A. Yes, sir.
>
> Q. You're asking the Court to award to you and he [sic] equally that Ford Explorer and you exclusive use of it pending him getting out of the penitentiary?
>
> A. Yes, sir.
>
> . . . .
>
> Q. Now, then you're asking the Court—is there any other property that you've accumulated during the marriage?
>
> A. While we were married?
>
> Q. Yes.
>
> A. A toaster, a coffee maker.
>
> Q. You ask the Court to award you those?
>
> A. Yeah, it's just simple—

> Q. Basic household items that you need to use; is that correct?
>
> A. Yes, sir.
>
> Q. Now, then in a copy, and this is an affidavit for search warrant, they have indicated in here that they confiscated several items and this search warrant is 98–001 is the number?
>
> A. Yes, sir.
>
> Q. Okay. And it's by the state of Texas in Lamar County?
>
> A. Yes.
>
> Q. And in that it indicates these are—is an inventory, a return and inventory of the properties that they accumulated?
>
> A. Yes.
>
> Q. And you're asking the Court to go ahead and award Mr. Daugherty those?
>
> A. Yes.
>
> Q. And I won't go into each one of them specifically, but one of them—well, I will point out to the Court is $5,243 in U.S. currency?
>
> A. Yes.
>
> Q. You ask the Court to go ahead and award him that amount of money and any other property that's in that?
>
> A. Yes.

At the end of the trial, the trial court made the following oral pronouncement:

> THE COURT: All right. Then we'll grant the divorce, no children, and award him all of the property on [the inventory of property seized by the State of Texas]. And the only remaining property is the vehicle, and we'll award it to them jointly, and the wife to have use of it while the husband is confined in TDC. Okay.
>
> [Laurie's Attorney]: And her [sic] get what property is in her possession?
>
> THE COURT: Yes, and the personal—her personal items, clothing to her,

so forth, and his personal items and clothing to him. And she can deliver them to a family member of his, somehow or another preserve them for him to have when he is released.

The trial court did not discuss the property Robert claimed in his petition and other filings as his separate property. Rather, the divorce decree awarded Robert the clothing, jewelry, and other personal effects in his possession or subject to his sole control, and awarded Laurie the clothing, jewelry, and other personal effects in her possession or subject to her sole control.

Robert contends the trial court erred in effectively awarding items of his separate property to Laurie. If Robert had separate property in Laurie's possession or subject to her sole control, then the trial court's order had the effect of divesting Robert of his separate property. However, there was no evidence concerning what, if any, of Robert's separate property was in Laurie's possession or subject to her sole control. Thus, the record shows no abuse of the trial court's discretion.

■ Robert also contends the trial court erred in awarding him only a one-half interest in the 1992 Ford Explorer, ninety percent of the purchase price of which he claims was paid with his separate funds. However, the only evidence in the record supports the trial court's disposition, because Laurie testified that the vehicle was purchased during the marriage. Robert's contention fails because he did not present any evidence to overcome the presumption that the vehicle is community property.

■ Robert contends that the trial court abused its discretion in failing to allow him to appear at the trial. Though a party may not be denied access to the courts merely because he is an inmate, there is no absolute right for an inmate to appear personally in court in a civil case.

*Armstrong v. Randle*, 881 S.W.2d 53, 57 (Tex.App.—Texarkana 1994, writ denied); *see also Brewer v. Taylor*, 737 S.W.2d 421, 423 (Tex.App.—Dallas 1987, no writ). In considering an inmate's right to appear, courts generally follow a balancing approach, weighing the preservation of the correctional system's integrity against the prisoner's right of access, with a goal of achieving a balance that is fundamentally fair. Review is under an abuse of discretion standard.

■ We consider several factors in determining this balance, including: (1) the cost and inconvenience of transporting the inmate to court; (2) the security risk and danger to the court and the public by allowing the inmate to attend court; (3) whether the inmate's claims are substantial; (4) whether a determination of the matter can reasonably be delayed until the inmate is released; (5) whether the inmate can and will offer admissible, noncumulative testimony that cannot be offered effectively by deposition, telephone, or otherwise; (6) whether the inmate's presence is important in judging his demeanor and credibility compared with that of other witnesses; (7) whether the trial is to the court or to a jury; and (8) the inmate's probability of success on the merits. *Brewer v. Taylor*, 737 S.W.2d at 423. Only where an inmate has been effectively barred from presenting his case has an appeals court been willing to find error in the denial of an inmate's request to personally appear. *See Armstrong v. Randle*, 881 S.W.2d at 57; *Pruske v. Dempsey*, 821 S.W.2d 687, 688–89 (Tex.App.—San Antonio 1991, no writ); *Nichols v. Martin*, 776 S.W.2d 621, 623 (Tex.App.—Tyler 1989, no writ).

Robert has not directed us to any place in the record where he requested a bench warrant; thus, he has failed to preserve his contention that the trial court should

have allowed him to appear personally at the trial.[1] *See In re M.M.*, 980 S.W.2d 699, 701–02 (Tex.App.—San Antonio 1998, no pet.); *Pedraza v. Crossroads Sec. Sys.*, 960 S.W.2d 339, 342 (Tex.App.—Corpus Christi 1997, no pet.); *Conely v. Peck*, 929 S.W.2d 630, 633 (Tex.App.—Austin 1996, no writ). Robert did, however, request in a motion for continuance, which the trial court expressly overruled, that the trial court consider "an alternative dispute resolution by means of conference call." He now contends the trial court abused its discretion by refusing his request.

In *Birdo v. Holbrook*, 775 S.W.2d 411, 414 (Tex.App.—Fort Worth 1989, writ denied), the court of appeals found no abuse of discretion in the trial court's refusal to allow an inmate to appear personally because, in that case, the trial court allowed the inmate to proceed by affidavit. In *Byrd v. Attorney Gen. of Texas, Crime Victims Compensation Div.*, 877 S.W.2d 566, 569 (Tex.App.—Beaumont 1994, no writ), the court of appeals stated, "Should the [trial] court find that the pro se plaintiff inmate in a civil action is not entitled to leave prison to appear personally in court, then the prisoner should be allowed to proceed by affidavit, deposition, telephone, or other effective means." In that case, the court reversed the dismissal of the inmate's suit because the trial court effectively denied the inmate any opportunity to present evidence that was material to the central fact in issue.

The context of Robert's request establishes that he was requesting an opportunity to participate in the trial in some manner (i.e., via conference call) if the trial court refused his request to appear in person. Had the trial court given Robert an opportunity to appear by affidavit, de-

position, conference call, or otherwise, he might have been able to present evidence regarding a material issue in the case, i.e., the existence of his separate property and the proper division of the Ford Explorer. The trial court was not limited to holding a conference call; it could have chosen any other method that would have given Robert an opportunity to present material evidence. We are compelled to conclude that the trial court abused its discretion in refusing Robert's request to participate in some way in the trial.

For the reasons stated, we reverse the judgment and remand the cause to the trial court for a new trial.

---

1. In his response to Laurie's answer in the suit, Robert requests that the cost of bench warranting him be paid by Laurie. This request does not constitute a request to the trial court for a bench warrant.