# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-10-00627-CV

---

**Ted Larson, Appellant**

**v.**

**Jack Giesenschlag, Appellee**

---

**FROM THE DISTRICT COURT OF COMAL COUNTY, 22ND JUDICIAL DISTRICT
NO. C2010-0071A, HONORABLE CHARLES A. STEPHENS II, JUDGE PRESIDING**

---

### O P I N I O N

In this restricted appeal, appellant Ted Larson challenges the trial court's order terminating his parental rights to his child, R.L., in a private termination suit filed by R.L.'s maternal grandfather. *See* Tex. Fam. Code Ann. § 101.032(a) (West 2008) (providing that suit to terminate parental rights is suit affecting parent-child relationship), § 102.003(a)(9) (West Supp. 2011) (providing that suit affecting parent-child relationship may be filed by person, other than foster parent, who has had actual care, control, and possession of child for at least six months). Larson, who was incarcerated at the time, did not appear or otherwise participate in the bench trial that resulted in the termination of his parental rights. In two points of error, Larson contends that the trial court erred in failing to make an express, independent finding that appointment of an attorney ad litem was required and that the trial court erred in failing to allow him to participate in the trial. Because we conclude that the trial court abused its discretion in denying Larson's request

to participate, we reverse the order of the trial court and remand for further proceedings consistent with this opinion.

## BACKGROUND

Larson is the father of R.L., born in February 2007. Larson's wife and R.L.'s mother, Amy Larson, died of pneumonia in December 2009, when R.L was just two years old.[1] At the time of his wife's death, Larson was serving a two-year sentence in the Texas Department of Criminal Justice and had thirteen months remaining on his sentence. In January 2010, Jack Giesenschlag, R.L.'s maternal grandfather, filed an original petition in a suit affecting the parent-child relationship, seeking termination of Larson's parental rights and appointment as sole managing conservator of R.L. *See id*. § 102.003(9). Linda Giesenschlag Brower, R.L.'s maternal grandmother and Giesenschlag's ex-wife, intervened in the suit, seeking grandparent access to or possession of R.L. *See id*. § 154.433 (West Supp. 2011).

On June 28, 2010, the trial court commenced a bench trial on the matter. Neither Brower nor Larson was represented by counsel, and no attorney ad litem had been appointed to represent the interests of R.L. Larson did not appear, and Brower appeared pro se. Prior to the presentation of any evidence, Brower orally requested that the trial court grant a continuance of the trial. She informed the court that she had been unsuccessfully "asking to have an attorney ad litem by CASA for [R.L.'s] benefit" and "trying very hard to find representation for the child." She also

---

[1] Unless otherwise noted, the facts recited herein are taken from the testimony and exhibits at trial.

told the court that she sought to "give [Larson], the biological father, who's incarcerated at the moment, to have pro bono legal advice to stand up for his right."

In response, the trial court informed Brower that Larson was not entitled to a court-appointed attorney because it was "not a criminal matter" and then engaged in the following exchange with counsel for Giesenschlag:

THE COURT: [There] are only two instances, I'm aware of, if he wants to have a presence in the matter. Has he made that known to us, [counsel]?

COUNSEL: Actually, Judge, he filed some sort of pleading and in that pleading does not ask for a bench warrant, nor does he request to appear by telephone, nor does he request to appear by affidavit. He asked for the case to be postponed.

The trial court then asked Brower why she now wanted to postpone the trial. Brower responded that she had filed affidavits on behalf of herself and Larson and that she needed a two-week continuance so that she could prepare for the proceeding and so that the affidavits could be used in the hearing. Brower explained that, while she was not an attorney, she was doing "the best [she could] to stand up for [her] daughter and for [her] son-in-law's rights not to have an adoption of his child." The trial court then denied her request for a continuance. Brower indicated that she did not want to participate in the hearing and left the courtroom.

The trial court then proceeded to hear the case on its merits. The only witness, Giesenschlag testified in support of his request for termination and introduced documentary evidence of Larson's criminal history, including a conviction for assault family violence. *See* Tex. Penal Code

3

Ann. § 22.01(b)(1) (West 2011).  During the presentation of Giesenschlag's testimony, the trial

court interrupted to ask Giesenschlag's counsel again about Larson:

THE COURT: . . . . There was no–I don't think the Court has received anything but a letter from Mr. Larson.
Did he receive notice of this hearing?

COUNSEL: Yes, he did, Your Honor.

THE COURT: Has there been a request by Mr. Larson–he's in prison at this point?

COUNSEL: He is, Your Honor.

THE COURT: Has there been a request by Mr. Larson to make an appearance in anyway, shape, or form?

COUNSEL: Only request he made was to postpone this hearing.  He did not request a bench warrant, or request a phone call [nor] did he request to appear by affidavit.  However, if the Court would like to use his letters and responses as evidence in this case, subject to objections or hearsay, et cetera, I would not be opposed to letting the Judge consider those for his testimony.

THE COURT: Well, I think at this point in time I'll consider them for purposes of an answer, but my question really was to the issue of whether or not there had been a request by Mr. Larson to be available in some form.  You're telling me he has not.

COUNSEL: The only spot I see that he has requested at the very end he says it is Respondent's request that the Court pursue one or all of the following grant intervenor temporary sole managing conservator of the child, to postpone the proceeding until he's able to actively pursue and participate in proceedings with counsel.  I would read that as a request to postpone not to be present at this hearing at this time.

At the conclusion of the trial, the trial court entered an order terminating Larson's

parental rights and denying Brower grandparent access and visitation.  Though no findings of fact

4

or conclusions of law were requested or issued, the trial court's order recites that the court found, by clear and convincing evidence, that Larson (1) knowingly placed or knowingly allowed the child to remain in conditions or surroundings that endanger the physical or emotional well-being of the child, and (2) engaged in conduct or knowingly placed the child with persons who engaged in conduct that endangers the physical or emotional well-being of the child. *See* Tex. Fam. Code Ann. § 161.001(1)(D), (E) (West Supp. 2011). In addition, the order states that "[t]he court [found] that Jack Giesenschlag has no adverse interest to the child the subject of this suit and would adequately represent the interest of the child. No attorney ad litem or amicus attorney was necessary, and none was appointed." *Id.* § 107.021(a-1) (West 2008) (appointment of attorney ad litem is mandatory unless "the court finds that the interests of the child will be represented adequately by a party to the suit whose interests are not in conflict with the child's interests"). This appeal followed.

## DISCUSSION

**Restricted appeal**

A restricted appeal is a direct attack on the judgment and affords a party who did not participate at trial with an opportunity to correct error in the judgment. Appellate review of a restricted appeal is the same scope of review as an ordinary appeal, that is, it is a review of the entire case. *Norman Commc'ns v. Texas Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997). In order to prevail on a restricted appeal, the appellant must show that (1) he filed a notice of appeal within six months of the date the judgment was signed, (2) he was a party to the underlying lawsuit, (3) he did not participate in the hearing that resulted in the judgment or timely file any post-judgment motions

5

or requests for findings of fact or conclusions of law, and (4) error is apparent on the face of the record  *Id*.

In this case, Larson and Brower filed a pro se notice of appeal on September 3, 2010, more than two months after the trial court entered its order terminating Larson's parental rights and denying Brower grandparent access.  Giesenschlag then moved to dismiss the appeal on the ground that Larson and Brower had failed to timely file their notice of appeal.  *See* Tex. R. App. P. 26.1(b) (to perfect accelerated appeal, notice of appeal must be filed within twenty days after judgment or order is signed); *see also* Tex. Fam. Code Ann. § 109.002 (West 2008) (providing that appeals in suits for termination of parent-child relationship are treated as accelerated appeals).  On May 26, 2011, this Court issued an order granting Giesenschlag's motion to dismiss with respect to Brower and dismissing her appeal for lack of jurisdiction.  However, we denied Giesenschlag's motion with respect to Larson, concluding that Larson's appeal could proceed as a restricted appeal.  *See* Tex. R. App. P. 26.1(c) (to perfect restricted appeal, notice of appeal must be filed within six months after judgment or order is signed).  Accordingly, the only remaining issue is whether the error Larson complains of in this appeal is apparent on the face of the record, which consists of all papers on file in this appeal, including the reporter's record.  *See id*.

In this restricted appeal, Larson challenges the trial court's order on grounds that the trial court erred in (1) failing to make an independent, express finding that R.L. was adequately represented and that no attorney ad litem or amicus attorney was required or, alternatively, concluding that the evidence supported such a finding, and (2) failing to allow Larson some means of participation in the trial terminating his parental rights.

6

**Inmate participation**

We first address whether the trial court erred in failing to allow Larson to participate in the hearing that resulted in the termination of his parental rights. Larson contends that the trial court erred in denying him an alternative means by which to participate in the termination hearing and, as a result, violated his constitutional due process rights. We review a trial court's decision on an inmate's request to participate, either personally or by alternative means, for an abuse of discretion. *In re A.W.*, 302 S.W.3d 925, 928 (Tex. App.—Dallas 2010, no pet.); *see also In re M.A.R.*, No. 03-10-00444-CV, 2012 Tex. App. LEXIS 1484, at *11 (Tex. App.—Austin Feb. 23, 2012, pet. denied) (mem. op.). When a trial court's failure to act on an inmate's request for participation, in person or by other means, effectively bars the inmate from presenting his case, the trial court abuses its discretion. *In re B.R.G.*, 48 S.W.3d 812, 820 (Tex. App.—El Paso 2001, no pet.).

All litigants who are forced to settle disputes through the judicial process have a fundamental right under the federal constitution to be heard at a meaningful time in a meaningful manner. *Dodd v. Dodd*, 17 S.W.3d 714, 717 (Tex. App.—Houston [1st Dist.] 2000, no pet.), *disapproved on other grounds*, *In re Z.L.T.*, 124 S.W.3d 163, 166 (Tex. 2003). Litigants may not be denied reasonable access to the courts simply because they are inmates. *In re Z.L.T.*, 124 S.W.3d at 166; *Boulden v. Boulden*, 133 S.W.3d 884, 886 (Tex. App.—Dallas 2004, no pet.). However, this does not mean that an inmate has an absolute right to personally appear in every proceeding. *In re Z.L.T.*, 124 S.W.3d at 166. An inmate's right to access "entails not so much his personal presence as his opportunity to present evidence or contradict the evidence of the opposing party." *Dodd*, 17 S.W.3d at 717. Thus, when an inmate requests a bench warrant for his personal appearance,

he must include factual information demonstrating the necessity of his appearing at the proceeding. *In re Z.L.T.*, 127 S.W.3d at 163. However, if a pro se inmate is not allowed to participate in a proceeding in person, a trial court should nevertheless afford the inmate an opportunity to proceed by affidavit, deposition, telephone, or other effective means. *In re R.C.R.*, 230 S.W.3d 423, 427 (Tex. App.—Fort Worth 2007, no pet.); *Sweed v. City of El Paso*, 139 S.W.3d 450, 452 (Tex. App.—El Paso 2004, no pet.); *Boulden*, 133 S.W.3d at 866; s*ee also In re M.A.R.*, 2012 Tex. App. LEXIS 1484, at *12-13.

Giesenschlag does not dispute that Larson had a right to participate in the termination proceeding. Instead, Giesenschlag contends that Larson never requested to participate in the trial, either personally or through alternative means. While Larson does not dispute that he never requested a bench warrant, he contends that he made at least three specific requests to participate by alternative means. Upon review of the entire record, we agree that Larson requested that he be allowed to participate by alternative means.

The record in this case shows that prior to trial, Larson had filed at least five documents with the trial court protesting Giesenschlag's petition, asserting various facts in opposition to Giesenschlag's petition, expressing concern for the safety of R.L. with Giesenschlag, and informing the court that he expected to be released from prison no later than January 2011. Further, in several of these documents, Larson specifically asked the trial court to take actions which would potentially allow for the presentation of his case. First, on May 10, 2010, Larson submitted a pleading to the court outlining his basic objections to the suit and asking that the trial court "postpone these proceedings until [he is] able to actively pursue and participate in the proceedings with counsel." Again, on June 25, 2010, Larson filed with the court a document entitled "motion

8

and affidavit to support the dismissal and judgment for the respondent." In this document, Larson "begs the court to grant a continuance so that [Larson] and [Brower] can gain competent counsel to represent them in this matter . . . . Both are without funds to do so at this time." In addition, just before the termination hearing, Brower informed the trial court that she had previously filed affidavits on behalf of herself and Larson, and she requested a continuance so that the affidavits could be used in the hearing. The trial court denied Brower's request for a continuance and explained that the affidavits were not admissible as evidence.

In a similar case, our sister court of appeals found that a trial court abused its discretion when it failed to allow a pro se inmate, Robert Daughtery, to participate in his divorce proceedings. *In re Daughtery*, 42 S.W.3d 331, 336 (Tex. App.—Texarkana 2001, no pet.). While Daughtery had not specifically requested a bench warrant, he had requested in a motion for continuance that the trial court consider "an alternative dispute resolution by means of a conference call." *Id.* at 336. The court of appeals held that the context of Daughtery's request established that he was "requesting an opportunity to participate in the trial in some manner." *Id*. The court of appeals explained that the trial court was not limited to allowing Daughtery to participate by conference call and could have chosen another method to present his case; however, by refusing to allow Daughtery to participate in the trial in some meaningful way, the court abused its discretion. *Id*.

As in *Daughtery*, it is clear from the context of Larson's request for a continuance until his release, his request for appointment of counsel, as well as his numerous attempts to present his case from prison through objections and affidavits, that he sought to participate in the termination proceeding in some manner. *See id.*; *see also Urquidez v. Urquidez*, 2004 Tex. App. LEXIS 7993, * 11 (Tex. App.—El Paso Aug. 31 2004, no pet.) (mem. op.) (holding that trial court abused its

9

discretion by failing to allow inmate to participate by alternative means, noting that he had proposed several alternative means such as "appointment of an attorney ad litem or a continuance until he was released from prison" and "submitting four affidavits of his testimony"). Nevertheless, the trial court proceeded to determine Larson's parental rights without him, implicitly denying his request for a continuance. *See In re A.W.*, 302 S.W.3d at 925 (holding that by signing divorce decree without addressing request to appear by bench warrant or by alternative means, the trial court implicitly denied requests). In addition, the record shows that none of Larson's affidavit testimony or written responses were considered by the trial court. *Dodd*, 17 S.W.3d at 717 ("Should the court find that the pro se plaintiff inmate in a civil action is not entitled to leave prison to appear personally in court, then the prisoner should be allowed to proceed by affidavit, deposition, telephone or other effective means."). Finally, despite denying Larson's proposed means of participation, nothing in the record suggests that the court offered Larson any other effective means by which to participate. *See In re A.W.*, 302 S.W.3d at 930 (explaining that trial court's denial of request to participate by alternative means is abuse of discretion unless court allows inmate to proceed by some other effective means).

The natural right that exists between parents and their children is one of constitutional dimension. *Holick v. Smith*, 685 S.W.2d 18, 20 (Tex. 1985); *Williams v. Williams*, 150 S.W.3d 436, 442-43 (Tex. App.—Austin 2004, pet. denied). A parent's interest in the accuracy and justice of the decision to terminate his or her parental status is, therefore, a commanding one. *In re M.S.*, 115 S.W.3d 534, 547 (Tex. 2003). In this case, Larson had a right to be heard in this suit seeking to terminate his parental rights. While the trial court was not obligated to allow Larson to participate in any particular manner, it was obligated to allow Larson to participate in *some*

10

meaningful manner. *See Daughtery*, 42 S.W.3d at 336. Because Larson was not allowed to participate in any manner, his fundamental right to parent his child was terminated without his input. Based on this record, we conclude that the trial court abused its discretion by denying Larson's request to participate, effectively barring him from presenting his case at trial. We sustain Larson's second point of error on appeal, and we remand this case for the trial court to decide how Larson may participate effectively. *See* Tex. R. App. P. 44.1(a)(2); *see also Taylor*, 63 S.W.3d at 98 (holding that harm requirement under rule 44.1(a) was met when trial court failed to allow inmate to participate in any manner). In order to avoid issuing an advisory opinion, we do not reach the merits of Larson's first point of error on appeal. Tex. R. App. P. 47.1 (courts of appeals must hand down opinions that are as brief as possible while addressing those issues necessary to final disposition of appeal).

## CONCLUSION

We reverse the trial court's judgment and remand this cause for further proceedings consistent with this opinion.

_____

Diane M. Henson, Justice

Before Chief Justice Jones, Justices Pemberton and Henson

Reversed and Remanded

Filed: May 11, 2012

11