# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00014-CV

**Robert Samaniego, Appellant**

**v.**

**The Office of the Attorney General of Texas and Janie L. Hernandez, Appellees**

### FROM THE DISTRICT COURT OF HAYS COUNTY, 428TH JUDICIAL DISTRICT NO. 11-1861, HONORABLE BRENDA K. SMITH, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Robert Samaniego, an inmate in the Texas Department of Corrections, appeals pro se the trial court's default order establishing the parent-child relationship in which the trial court found that he is the biological parent of J.J.S. and ordered him to pay retroactive and current child support. Samaniego contends that the trial court erred by denying his request for an attorney ad litem, providing insufficient notice of the SAPCR hearing, denying him the opportunity to participate in the hearing by bench warrant or other effective means, and awarding child support based on the statutory presumption that he earns minimum wage. *See* Tex. Fam. Code § 154.068. Because we conclude that the trial court abused its discretion in denying Samaniego's request to participate in the hearing by an effective means, we reverse the order of the trial court and remand for further proceedings consistent with this opinion.

We first address Samaniego's issue in which he contends that the trial court erred in denying his request for the appointment of an attorney ad litem to represent him in the SAPCR proceedings. He based his request on the sole ground of indigence and attached thereto a "Declaration of Inability to Pay Cost." *See* Tex. Civ. Prac. & Rem. Code § 132.001 (unsworn declarations by inmates may be used in lieu of sworn verifications or affidavits required by law). However, while an indigent civil litigant may request the trial court to appoint counsel in cases where such appointment is not statutorily required, *see* Tex. Gov't Code § 24.016, such appointment is entirely within the discretion of the trial court, and we review that decision by considering whether the underlying case involved "exceptional circumstances." *See Gibson v. Tolbert*, 102 S.W.3d 710, 712-13 (Tex. 2003). Exceptional circumstances occur when the "public and private interests at stake are such that the administration of justice may best be served by appointing a lawyer to represent an indigent civil litigant." *Travelers Indem. Co. v. Mayfield*, 923 S.W.2d 590, 594 (Tex. 1996). The record reflects that Samaninego made no showing of special circumstances that might characterize this case as exceptional, and the trial court did not abuse its discretion in failing to appoint an attorney for him in the SAPCR proceedings. *See Gibson*, 102 S.W.3d at 713. Accordingly, we overrule Samaniego's issue concerning the trial court's denial of his request for the appointment of an attorney ad litem.

Samaniego also appeals the trial court's denial of his motion for a bench warrant to participate in the hearing. *See In re Z.L.T.*, 124 S.W.3d 163, 165 (Tex. 2003) (we review trial court's ruling on bench-warrant request for abuse of discretion). Samaniego's motion requested, in the alternative to physical appearance at the hearing, that he be permitted to participate in the hearing

2

"by means of telephone conference, video conference, or other means of participation from the prison unit." He filed the motion fifteen days prior to the SAPCR hearing. The trial court denied the motion as "untimely" because there was insufficient time to "comply" with the request. While appellees have cited no rules outlining the timeliness of bench-warrant requests, we need not address the propriety of the trial court's "timeliness" ruling because, on this record, the trial court would have been within its discretion to deny Samaniego's request to physically appear, had it considered the merits of his motion. *See id.* at 166 (trial court has no duty to look beyond facts alleged in motion and, where motion does not provide enough factual information by which movant could have met burden of demonstrating necessity of his presence, trial court is within discretion to deny motion); *see also Guaranty Cnty. Mut. Ins. Co. v. Reyna*, 709 S.W.2d 647, 648 (Tex. 1986) (appellate court must uphold judgment on any legal basis, even if trial court provides wrong reason).

Samaniego's motion for a bench warrant provides no facts showing why his interest in appearing in person outweighs the impact on the correctional system. *See Z.L.T.*, 124 S.W.3d at 165 (listing factors trial court should consider in ruling on bench-warrant request). His motion and supporting affidavit state merely that he wishes to appear to testify "concerning his desire to care, love, and provide for his natural child"; that he never exposed the child to any influence that might endanger her; and that he wishes to be involved in her upbringing. Under the standard established by the supreme court in *Z.L.T.*, Samaniego failed to establish his right to relief, and the trial court therefore did not abuse its discretion in denying his request to physically appear at the hearing. *Id.* at 166 ("[S]ince a prisoner has no absolute right to be present in a civil action, it follows that the prisoner requesting a bench warrant must justify the need for his presence.").

However, when a trial court denies an indigent civil litigant the opportunity to appear in person, the court must permit the litigant to appear by "some other effective means," such as by affidavit, deposition, or telephone. *See Larson v. Giesenschlag*, 368 S.W.3d 792, 798 (Tex. App.—Austin 2012, no pet.); *In re A.W.*, 302 S.W.3d 925, 928 (Tex. App.—Dallas 2010, no pet.); *In re D.D.J.*, 136 S.W.3d 305, 311 (Tex. App.—Fort Worth 2004, no pet.). This is because the "right of a prisoner to have access to the courts entails not so much his personal appearance as the opportunity to present evidence or contradict the evidence of the opposing party." *D.D.J.*, 136 S.W.3d at 314; *see also In re R.N.P.*, No. 03-12-00090-CV, 2014 WL 2957810, at *2 (Tex. App.—Austin June 25, 2014, no pet.) (mem. op.) (salient inquiry in reviewing bench-warrant rulings is whether inmate has been "effectively barred" from presenting case).

Samaniego's motion specifically requested the alternative of appearing by video, conference call, or other means of participation. The trial court also denied these alternative requests on the basis of their being "untimely." The reporter's record reflects that the mother of J.J.S. appeared and testified at the SAPCR hearing; however, because of the trial court's ruling on his motion, Samaniego was unable to present any evidence to rebut the statutory minimum-wage presumption.[1] *See* Tex. Fam. Code § 154.068 (in absence of evidence of party's net resources, court shall presume party has income equal to federal minimum wage for 40-hour work week); *R.N.P.*, 2014 WL 2957810, at *2 (incarceration alone cannot rebut minimum-wage presumption). Because

---

[1] While Samaniego did attach to his motion for bench warrant a "Declaration of Inability to Pay," averring that he had no income or assets and is indigent, this declaration was not admitted as evidence at the hearing, and we therefore may not consider it in determining whether the trial court abused its discretion in making the statutory presumption. *See Ceramic Tile Int'l, Inc. v. Balusek*, 137 S.W.3d 722, 724-25 (Tex. App.—San Antonio 2004, no pet.).

the trial court denied Samaniego any opportunity to present evidence or appear at the contested hearing, we conclude that the trial court abused its discretion. *See Larson*, 368 S.W.3d at 798; *A.W.*, 302 S.W.3d at 930. This error "probably prevented the appellant from presenting his case on appeal." *See* Tex. R. App. P. 44.1(a); *Monsanto Co. v. Davis*, 25 S.W.3d 773, 786 (Tex. App.—Waco 2000, writ dism'd w.o.j.). Accordingly, we sustain Samaniego's issue complaining of the trial court's order denying his motion for a bench warrant without considering alternative means by which he may appear.

## CONCLUSION

Samaniego had no effective means to present and contradict evidence of his net resources at the SAPCR hearing. Accordingly, we reverse the trial court's default order establishing the parent-child relationship and remand this cause for further proceedings consistent with this opinion. Because we are remanding this cause for the trial court to allow Samaniego to participate effectively, other than by personal appearance, in the trial of the controverted issue of child support, we do not reach Samaniego's remaining issues concerning the award of current and retroactive child support and alleged insufficient notice of the SAPCR hearing. *See* Tex. R. App. P. 47.1.

_____
Jeff Rose, Chief Justice

Before Chief Justice Rose, Justices Puryear and Goodwin

Reversed and Remanded

Filed:   April 3, 2015

5