

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-14-00397-CV

In the Interest of **D.S.A.**, S.D.A., and S.A.A., Children

From the 37th Judicial District Court, Bexar County, Texas
Trial Court No. 2013EM506191
Honorable Eric Rodriguez, Judge Presiding

Opinion by:     Karen Angelini, Justice

Sitting:        Karen Angelini, Justice
                Marialyn Barnard, Justice
                Rebeca C. Martinez, Justice

Delivered and Filed:  June 10, 2015

REVERSED AND REMANDED

The Office of the Texas Attorney General filed an original petition in a suit affecting the

parent-child relationship alleging that Sam M. Alvarez was the father of the children the subject

of this suit and seeking orders for conservatorship, visitation, and support. Alvarez, who is

incarcerated in a federal prison, filed a pro se answer and, on at least two separate occasions, filed

documents asking the trial court to permit him to participate in the trial either in person or by

telephone. The trial was reset multiple times. When the case was finally called for trial, the trial

court reviewed the documents filed by Alvarez and expressly denied his request to participate in

the trial by telephone. The trial court then proceeded to trial, considering only the evidence

presented by the Attorney General's Office.[1] Thereafter, the trial court rendered a default judgment

---

[1] Alvarez's request for a bench warrant to appear at trial was implicitly denied.

against Alvarez. The judgment appoints Alvarez as possessory conservator of the children, grants him no visitation, orders him to pay cash medical support of $25.00 per month, grants a retroactive child support judgment against him in the amount of $30,240.00, and orders him to pay this judgment by paying $200.00 per month. Alvarez appealed.

Alvarez's threshold complaint on appeal is that the trial court erred in denying his requests to participate in the trial. Alvarez claims that his due process rights were violated.

Although an inmate does not have an automatic right to appear personally in court, he does not automatically lose the right to access the courts by virtue of being incarcerated. *In the Interest of R.C.R.*, 230 S.W.3d 423, 426 (Tex. App.—Fort Worth 2007, no pet.) (citing *In the Interest of Z.L.T.*, 124 S.W.3d 163, 165 (Tex. 2003)). An inmate's right to have access to the courts entails not so much his personal presence as the opportunity to present evidence or contradict the evidence of the opposing party. *Id*. When the trial court finds that a pro se inmate in a civil action is not entitled to leave prison to appear personally in court, then the prisoner should be allowed to proceed by affidavit, deposition, telephone, or other effective means. *Dodd v. Dodd*, 17 S.W.3d 714, 717 (Tex. App.—Houston [1st Dist.] 2000, no pet.), *disapproved of on other grounds*, *Z.L.T.*, 124 S.W.3d at 166.

For these reasons, Texas appellate courts, including this court, have sustained complaints similar to Alvarez's complaint. *See Larson v. Giesenschlag*, 368 S.W.3d 792, 797-98 (Tex. App.—Austin 2012, no pet.); *In the Interest of D.D.J.*, 136 S.W.3d 305, 313-14 (Tex. App.—Fort Worth 2004, no pet.). For example, in *Lann v. LaSalle Cnty.*, 04-02-00005-CV, 2003 WL 141040, at *1 (Tex. App.—San Antonio January 22, 2003, no pet.), we held that the trial court erred when it denied a request by a pro se inmate to participate by telephone in the trial of a civil matter. As we stated in *Lann*, the trial court "should have permitted [the incarcerated civil litigant] to proceed by some other viable means, such as the telephone conference [he] had expressly requested." *Id*. We

explained that the trial court, by failing to provide the inmate an alternative means to participate, effectively denied the inmate his fundamental right under the federal constitution to be heard at a meaningful time in a meaningful manner. *Id.*

Here, the trial court did not err in denying Alvarez's request for a bench warrant. *See Z.L.T.*, 124 S.W.3d at 166 (holding the trial court did not err in denying a request for a bench warrant when the inmate failed to make the required showing). However, the trial court did err in denying Alvarez's alternative request to participate in the trial by some other viable means, such as by telephone. *See Larson*, 368 S.W.3d at 797-98 (holding the trial court erred in denying incarcerated civil litigant's request to participate at trial by alternative means); *D.D.J.*, 136 S.W.3d at 314 (same); *Lann*, 2003 WL 141040, at *1 (same). We therefore reverse the judgment and remand this case to the trial court for proceedings consistent with this opinion.

Karen Angelini, Justice