# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00345-CV

**Clifford Bart Dunbar, Appellant**

**v.**

**Naima El Khaoua Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT
### NO. D-1-FM-13-003004, HONORABLE AMY CLARK MEACHUM, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellee Naima El Khaoua filed a petition for divorce against her husband, appellant

Clifford Bart Dunbar, a prisoner currently incarcerated in Beaumont, Texas. Dunbar now appeals

the trial court's divorce decree, which was entered in favor of El Khaoua as a post-answer default

judgment after Dunbar failed to appear at trial. In four issues on appeal, Dunbar asserts that the trial

court deprived him of his right to appear at trial, improperly considered his recent felony conviction

as a ground for divorce, and abused its discretion in awarding El Khaoua a disproportionate share

of the community estate. We affirm the trial court's divorce decree.

## BACKGROUND

Dunbar and El Khaoua were married in 2000 and separated in 2008. In May 2009,

Dunbar was arrested in Michigan for violating the conditions of his parole and has been incarcerated

since that time.[1]  The felony conviction was subsequently affirmed by this Court.  *See Dunbar v. State*, No. 03-12-00315-CR, 2014 WL 2741237, at *7 (Tex. App.—Austin June 13, 2014, pet. ref'd) (mem. op., not designated for publication).

On May 30, 2013, El Khaoua filed an original petition for divorce in Travis County. Dunbar was served with the petition, and on January 6, 2014, he was notified by mail that the matter was set for trial on February 2, 2015.  After Dunbar failed to appear for trial, El Khaoua testified in support of her petition for divorce, presented the court with a proposed property division, and requested that the court award her a majority of the couple's marital estate.

Following the trial, the trial court signed a final decree of divorce, granting the divorce on "the ground of felony conviction and insupportability."[2]  The decree also awarded El Khaoua all the couple's martial assets (worth approximately $124,000) and assigned her all of the couple's debt (totaling approximately $94,000).  Conversely, Dunbar was awarded all the personal effects in his possession.  Upon Dunbar's request, the trial court made findings of fact and conclusions of law. Dunbar subsequently filed a request for a de novo hearing and a motion for new trial.  Neither the request nor the motion was ever set for a hearing, and the trial court allowed the motion for new trial to be overruled by operation of law.  This appeal followed.

---

[1]  Dunbar was convicted of failing to comply with sex-offender registration requirements, based on a previous conviction for sexual assault.  *See* Tex. Code Crim. Proc. arts. 62.051, .055(a).

[2]  Under the Texas Family Code, on the petition of either party, the trial court may grant a divorce without regard to fault if the marriage has become insupportable because of discord or conflict of personalities that destroys the legitimate ends of marriage and prevents any reasonable expectation of reconciliation.  Tex. Fam. Code § 6.001.  In addition, the court may grant a divorce in favor of one spouse if during the marriage the other spouse has been convicted of a felony, has been imprisoned for at least one year, and has not been pardoned.  *Id*. § 6.004.

**ANALYSIS**

In his first issue on appeal, Dunbar asserts that the trial court abused its discretion by failing to allow his participation in the final hearing.

It is well established that inmates cannot be denied access to the courts simply because they are inmates. *In re Z.L.T.*, 124 S.W.3d 163, 166 (Tex. 2003). This does not mean, however, that an inmate has an absolute right to personally appear in every proceeding. *Id*. Rather, in determining whether an inmate's personal appearance is warranted, the trial court must balance the inmate's right of access against the government's interest in protecting the integrity of the correctional system. *Id*. If the trial court determines that the inmate's personal appearance is not warranted, the court should nevertheless consider the inmate's request to proceed by affidavit, deposition, telephone, or other effective means. *Larson v. Giesenschlag*, 368 S.W.3d 792, 797 (Tex. App.—Austin 2012, no pet.). We review a trial court's decision on an inmate's request to participate, either personally or by alternative means, for an abuse of discretion. *Id*. at 796. A trial court abuses its discretion if it fails to act on an inmate's request for participation and as a result, effectively bars the inmate from participating. *Id*.

Dunbar asserts that the trial court abused its discretion because he attempted to participate in the legal process and was ignored by the trial court. In response, El Khaoua contends that Dunbar waived his right to appear and defend himself because, although he received notice of the trial, he made no request to participate in the proceedings, personally or otherwise, prior to trial. According to El Khaoua, the closest Dunbar came to requesting that he be allowed to participate was in his answer to her original petition, in which Dunbar stated:

3

> I am currently incarcerated by the Texas Department of Criminal Justice. Thus if for any reason the Court requires my presence the Court will need to bench warrant me back to Travis County.

We conclude that this statement is insufficient to constitute a request for a bench warrant or a request to participate by alternative means, and the record does not show that Dunbar otherwise attempted to participate at trial in any manner.

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling, if they are not apparent from the context of the request, objection, or motion. Tex. R. App. P. 33.1(a)(1)(A). Here, Dunbar's statement does not express any wish to personally appear or to otherwise participate at trial. Moreover, the statement does not request any affirmative action by the trial court, and the statement itself is not presented in a motion for relief. Instead, the statement, presented in his answer to the suit, puts the burden on the trial court to determine *if* his presence is needed without providing any facts demonstrating that his personal appearance is necessary in light of the impact on the correctional system. *See Z.L.T.*, 124 S.W.3d at 166 (inmate requesting bench warrant must provide court with sufficient factual information to allow the court to assess whether personal presence is warranted; court has no duty to independently investigate whether inmate's presence is required). Based on the record before us, we cannot conclude that Dunbar presented the trial court with a request or motion for a bench warrant or with a request or motion to participate in the trial in some alternative manner. *See* Tex. R. App. P. 33.1; *Campbell v. State*, 85 S.W.3d 176, 185 (Tex. 2002) ("[A]n objection is sufficient to preserve error for appeal if it allows the trial judge to make an

4

informed ruling and the other party to remedy the defect . . . .").  Accordingly, error is not preserved on this issue, and the complaint is waived.

In his second and third issues on appeal, Dunbar contends that the trial court abused its discretion in granting a divorce on the ground of felony conviction.  Specifically, Dunbar argues that the felony-conviction ground was not properly before the trial court because (1) El Khaoua's original petition cited insupportablity as the sole ground for the requested divorce and (2) the felony-conviction ground was raised by El Khaoua for the first time in an amended pleading filed only three days before trial.  In addition, Dunbar argues that, even if the felony-conviction ground were properly raised and before the trial court, the court abused its discretion in granting a divorce on this ground because at the time of the divorce trial his conviction was still pending on appeal.

Texas Rule of Civil Procedure 63 provides that parties may amend their pleadings "provided, that any pleadings, responses, or pleas offered for filing within seven days of the date of trial or thereafter, . . . shall be filed only after leave of the judge is obtained."  Tex. R. Civ. P. 63. Both the divorce decree and the trial court's findings of fact and conclusions of law expressly state that one of the two grounds relied on by the court in granting the divorce was Dunbar's felony conviction.  This ground was raised by El Khaoua for the first time in her amended petition, filed less than seven days before trial.  Therefore, even though there is no indication that El Khaoua requested leave to file the amended pleading, the record shows that the trial court considered the amended pleading and leave of court is presumed.  *Goswami v. Metropolitan Sav. & Loan Ass'n*, 751 S.W.2d 487, 490-91 (Tex. 1988) (noting that "failure to obtain leave of court when filing a late pleading may be cured by the trial court's action in considering the amended pleading").  Therefore,

5

the issue on appeal becomes whether the trial court abused its discretion in permitting the pleading amendment. *See Perez v. Embree Constr. Grp.*, 228 S.W.3d 875, 882-83 (Tex. App.—Austin 2007, pet. denied) ("A trial court's decision on whether to allow the amendment of pleadings is reviewed under an abuse-of-discretion standard.").

A trial court must permit a pleading amendment unless (1) the opposing party presents evidence of surprise or prejudice or (2) the amendment asserts a new cause of action or defense, and thus is prejudicial on its face, and the opposing party objects to the amendment. *Greenhalgh v. Service Lloyds Ins. Co.*, 787 S.W.2d 938, 939 (Tex. 1990); *Thomas v. Graham Mortg. Corp.*, 408 S.W.3d 581, 593 (Tex. App.—Austin 2013, pet. denied). The burden of showing surprise or prejudice rests on the party resisting the amendment. *Greenhalgh*, 787 S.W.2d at 939. An amendment is prejudicial on its face if (1) it asserts a new substantive matter that reshapes the nature of the case; (2) the opposing party could not have anticipated the amendment; and (3) it prejudices the plaintiff's presentation of the case. *Thomas*, 408 S.W.3d at 593. If the trial amendment is not mandatory, then the decision to permit or deny the amendment rests with the sound discretion of the trial court. *Greenhalgh*, 787 S.W.2d at 939. Here, Dunbar does not argue and the record does not show that he presented any specific evidence of surprise or prejudice to the trial court. In addition, Dunbar never objected to the amendment on the ground that it was prejudicial on its face. Nevertheless, assuming without deciding that Dunbar has preserved his complaint on appeal, for the following reasons, we hold that the pleading amendment was not prejudicial.

First, to the extent Dunbar suggests that there was no ground, absent the felony-conviction ground, upon which the trial court could have granted the divorce, we disagree. A party

6

may move for divorce on both the no-fault ground of insupportability and on a ground based in fault, such as felony conviction. *Morrison v. Morrison*, 713 S.W.2d 377, 378-79 (Tex. App.—Dallas 1986, writ dism'd). Dunbar does not challenge the trial court's finding of insupportability, and this finding alone is sufficient to support the trial court's dissolution of the marriage. *See Cusack v. Cusack*, 491 S.W.2d 714, 717 (Tex. Civ. App.—Corpus Christi 1973, writ dism'd) (explaining that "insupportability" is separate and independent ground for divorce and that "[i]t was the intent of the Legislature to make a decree of divorce mandatory when a party to the marriage alleges insupportability and the conditions of the statute are met, regardless of who is at fault, on the theory that society will be better served by terminating marriages which have ceased to exist in fact"). Therefore, the fact that the trial court found that the marriage could have also been terminated on the felony-conviction ground is of no prejudicial effect.

Second, to the extent Dunbar suggests that the trial court's decision to consider the ground of felony conviction was prejudicial because it resulted in a disproportionate and unequal property division, we disagree. A trial court must make a just and right division of the marital estate upon divorce. *See* Tex. Fam. Code § 7.001; *Iliff v. Iliff*, 339 S.W.3d 126, 133 (Tex. App.—Austin 2009), *aff'd*, 339 S.W.3d 74 (Tex. 2011). Although the court's division of the estate must be equitable, this does not mean that the division must necessarily be equal. *See O'Carolan v. Hopper*, 71 S.W.3d 529, 532 (Tex. App.—Austin 2002, no pet.). Trial courts have wide discretion in dividing the community estate, and we must indulge every reasonable presumption in favor of the trial court's proper exercise of its discretion. *Mandell v. Mandell*, 310 S.W.3d 531, 538-39 (Tex. App.—Fort

7

Worth 2010, pet. denied). A trial court does not abuse its discretion in making an unequal property division, so long as there is a reasonable basis for doing so. *O'Carolan*, 71 S.W.3d at 532.

According to the trial court's findings of fact and conclusions of law, the trial court considered the following in dividing the marital estate:

> [Dunbar] suddenly left town and did not make [El Khaoua] aware that he was leaving town. [Dunbar] took the jointly owned vehicle when he left town. Months after [Dunbar] left town with the jointly owned vehicle [Dunbar] depleted the joint savings account of [El Khaoua] and [Dunbar] of $5,000.00. [El Khaoua] later learned that [Dunbar] was evading law enforcement.

Dunbar has not challenged these findings on appeal, and upon review of the record, we conclude that these findings are supported by the evidence presented at trial, including El Khaoua's testimony. These findings, which relate to Dunbar's conduct in causing the marriage to become insupportable and to his wasting of community assets, are independent from any evidence that Dunbar was convicted of a felony and are sufficient to support the trial court's unequal division of the marital estate. *See Schlueter v. Schlueter*, 975 S.W.2d 584, 589 (Tex. 1998) (court may consider many factors in property division, including waste of community assets). There are no findings suggesting that the felony-conviction ground was considered by the trial court in its division of the marital estate. Consequently, Dunbar has failed to show that the trial court's consideration of the felony-conviction ground, even if otherwise improper, was ultimately prejudicial to Dunbar or resulted in an improper judgment. *See Thomas*, 408 S.W.3d at 593; *see also* Tex. R. App. P. 44.1. Accordingly, we overrule Dunbar's second and third issues on appeal. Likewise, having concluded that the evidence is sufficient to support the trial court's unequal property division, we overrule Dunbar's

fourth issue on appeal, in which he asserts that the trial court's property division constitutes an abuse of discretion.

## CONCLUSION

Having overruled all of Dunbar's issues on appeal, we affirm the trial court's divorce decree.

_____

Scott K. Field, Justice

Before Chief Justice Rose, Justices Goodwin and Field

Affirmed

Filed:   August 21, 2015

9