# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-19-00447-CV

---

**J. G., Appellant**

**v.**

**Texas Department of Family and Protective Services, Appellee**

---

### FROM THE COUNTY COURT AT LAW NO. 1 OF WILLIAMSON COUNTY
### NO. 18-0013-CPSC1, THE HONORABLE BRANDY HALLFORD, JUDGE PRESIDING

---

## D I S S E N T I N G   O P I N I O N

This is a parental-termination case in which J.G. (the father) is appealing the trial court's refusal to allow him to participate in the final hearing terminating his parental rights to his children.[1] I would conclude that the trial court abused its discretion and because the Court concludes otherwise, I respectfully dissent.

Parental rights are "perhaps the oldest of the fundamental liberty interests" protected by the United States Constitution. *Troxel v. Granville*, 530 U.S. 57, 65 (2000). They have been characterized as "essential," "a basic civil right of man," and "far more precious than property rights." *Holick v. Smith*, 685 S.W.2d 18, 20 (Tex. 1985) (citing *Stanley v. Illinois*,

---

[1] Construing broadly the arguments in the father's brief, I would conclude that this issue is fairly included as a subsidiary question within the father's first issue on appeal, challenging the trial court's denial of the father's motion for continuance and request for a bench warrant. *See* Tex. R. App. P. 38.1(f) ("The statement of an issue or point will be treated as covering every subsidiary question that is fairly included.").

405 U.S. 645, 651 (1972)).  Moreover, a termination decree is "complete, final, irrevocable and divests for all time that natural right as well as all legal rights, privileges, duties and powers with respect to each other except for the child's right to inherit."  *Id*.  "Consequently, termination proceedings should be strictly scrutinized, and involuntary termination statutes are strictly construed in favor of the parent."  *Id*.

Additionally, "[a]ll litigants who are forced to settle disputes through the judicial process have a fundamental right under the federal constitution to be heard at a meaningful time in a meaningful manner."  *Larson v. Giesenschlag*, 368 S.W.3d 792, 796–97 (Tex. App.—Austin 2012, no pet.).  "Litigants may not be denied reasonable access to the courts simply because they are inmates."  *Id*. at 797.  Of course, "this does not mean that an inmate has an absolute right to personally appear in every proceeding."  *Id*. (citing *In re Z.L.T.*, 124 S.W.3d 163, 166 (Tex. 2003)).  "However, if a pro se inmate is not allowed to participate in a proceeding in person, a trial court should nevertheless afford the inmate an opportunity to proceed by affidavit, deposition, telephone, or other effective means."  *Id*.  "When a trial court's failure to act on an inmate's request for participation, in person or by other means, effectively bars the inmate from presenting his case, the trial court abuses its discretion."  *Id*. at 796 (citing *In re B.R.G.*, 48 S.W.3d 812, 820 (Tex. App.—El Paso 2001, no pet.)).

In *Larson*, this Court held that the trial court abused its discretion in denying an inmate's request to participate in the final hearing terminating his parental rights.  *Id*. at 793–94.  This Court observed that "[t]he natural right that exists between parents and their children is one of constitutional dimension" and that "[a] parent's interest in the accuracy and justice of the decision to terminate his or her parental status is [] a commanding one."  *Id*. at 798.  Accordingly, the father "had a right to be heard" in the termination suit.  *Id*.  "While the trial

2

court was not obligated to allow [the father] to participate in any particular manner, it was obligated to allow [the father] to participate in some meaningful manner." *Id.* By denying the father's request to participate, the trial court "effectively barr[ed] him from presenting his case at trial," which constituted an abuse of discretion. *Id.*

A similar situation occurred here. The record reflects that at the beginning of the termination hearing, the father's court-appointed counsel explained to the trial court that the father wanted to contest the termination of his parental rights and participate in the hearing:

> Judge, as the Court knows I was on vacation for the past two weeks. I talked to my client before I went on vacation. He indicated to me that he was not in agreement with terminating his parental rights but he did not want to be bench warranted and so I let the Court know that. I told him I would appear today on his behalf.
>
> Apparently while I was on vacation he wrote me a letter. I received it and I've been going through piles of mail since I got back. So as of yesterday, I was aware that in the letter he indicated that he wanted to be bench warranted and he wanted me to get in touch with him. So I have not been able to do that since I've gotten back but I needed to let the Court know that I need to make an oral motion for continuance and ask that my client be bench warranted.

Counsel added, "He told me that he wanted me to contest the termination of his parental rights. The only difference was that before I went on vacation he said he didn't want to be bench warranted. And in the letter he said that he did want to be bench warranted." The trial court denied the request as follows: "Well, due to the statutory deadline that we have in place and we're in an extension period, the Court is going to move forward today."

The case proceeded to trial and the Department presented its case for termination. One of the Department's witnesses was the mother of the children, who provided testimony regarding the father's alleged physical abuse of the mother. The record reflects that the

3

Department relied heavily on this evidence in making its case against the father. During closing argument, the father's counsel explained to the trial court that it was difficult to contest the mother's testimony without the father's participation in the hearing:

> As the Court knows I've lodged an objection to the fact that my client has not had the opportunity to be present here today. His due process rights have not been preserved because he has not had the opportunity to confront and cross examine the witnesses against him.
>
> The testimony of [the mother,] although I understand how emotional it is, all we're hearing is from [the mother]. My client has not had an opportunity to present his own rebuttal to that or present any other witnesses who might rebut her testimony.

The trial court proceeded to terminate the father's parental rights.

I would conclude that the above representations and arguments by counsel put the trial court on notice that the father wanted to participate in the hearing in some manner so that he could rebut the Department's evidence, present his own evidence, and assist his counsel in contesting the termination of his parental rights. The trial court, by denying the father's request to participate in some meaningful manner, violated his due-process rights. *See Larson*, 368 S.W.3d at 798; *see also Samaniego v. Office of the Att'y Gen.*, No. 03-13-00014-CV, 2015 WL 1545933, at *2 (Tex. App.—Austin Apr. 3, 2015, no pet.) (mem. op.) (concluding that although trial court did not abuse its discretion in denying inmate's request for bench warrant, it abused its discretion in not allowing inmate to participate by alternate means).

The Court concludes that the father waived his right to participate by alternate means by failing to make a specific request to do so or by demonstrating why his participation by alternate means was necessary. As support for this conclusion, the Court cites to *In re Z.L.T.*,

4

*supra*, a case in which the Texas Supreme Court held that a trial court has "no duty to go beyond the bench warrant request and independently inquire into the necessity of an inmate's appearance," 124 S.W.3d at 166, and a series of opinions from our sister courts of appeals holding that an inmate seeking to participate through alternate means has the sole burden "to request access to the court through these alternate means and to demonstrate why a trial court should authorize them." *See Vodicka v. Tobolowsky*, No. 05-17-00961-CV, 2017 WL 5150992, at *1 (Tex. App.—Dallas Nov. 7, 2017, no pet.) (mem. op.); *Brown v. Preston*, No. 01-16-00556-CV, 2017 WL 4171896, at *3 (Tex. App.—Houston [1st Dist.] Sept. 21, 2017, no pet.) (mem. op.); *Ulloa v. Rodriguez*, No. 04-15-00160-CV, 2016 WL 147265, at *1 (Tex. App.—San Antonio Jan. 13, 2016, no pet.) (mem. op.); *In re T.R.C.*, No. 13-11-00616-CV, 2012 WL 3537828, at *3 (Tex. App.—Corpus Christi–Edinburg Aug. 16, 2012, no pet.) (mem. op.); *In re C.N.M.*, No. 10-10-00178-CV, 2011 WL 1049383, at *2 (Tex. App.—Waco Mar. 23, 2011, no pet.) (mem. op.); *Baugh v. Baugh*, No. 14-07-00391-CV, 2008 WL 2068081, at *2 (Tex. App.—Houston [14th Dist.] May 15, 2008, no pet.) (mem. op.).

I find these cases unpersuasive and distinguishable. None of these cases involve the termination of parental rights and are of limited guidance here. *See Z.L.T.*, 124 S.W.3d at 164, 166–67 (involving suit to establish paternity through genetic testing); *Vodicka*, 2017 WL 5150992, at *1 (involving hearing on indigency contest); *Brown*, 2017 WL 4171896, at *1, 3 (involving probate proceedings); *Ulloa*, 2016 WL 147265, at *1 (involving divorce proceedings); *T.R.C.*, 2012 WL 3537828, at *1, 3 (involving child-support proceedings); *C.N.M.*, 2011 WL 1049383, at *1–2 (same), *Baugh*, 2008 WL 2068081, at *1–2 (involving divorce proceedings); *see also M.L.B. v. S.L.J.*, 519 U.S. 102, 127–28 (1996) (observing that "what sets parental status termination decrees apart from mine run civil actions, even from other domestic

5

relations matters such as divorce, paternity, and child custody," is that "termination adjudications involve the awesome authority of the State 'to destroy permanently all legal recognition of the parental relationship'" (quoting *Rivera v. Minnich*, 483 U.S. 574, 580 (1987))).

Termination of parental rights amounts to "the total and irrevocable dissolution of the parent-child relationship" and thus "constitutes the 'death penalty' of civil cases." *In re K.M.L.*, 443 S.W.3d 101, 121 (Tex. 2014) (Lehrmann, J., concurring); *see also In re E.L.T.*, 93 S.W.3d 372, 377–78 (Tex. App.—Houston [14th Dist.] 2002, no pet.) (Guzman, J., concurring) (recognizing "quasi-criminal" nature of termination proceedings). For that reason, termination proceedings are "strictly scrutinized." *Holick*, 685 S.W.2d at 20. Having strictly scrutinized the termination proceedings here, I cannot agree with the Court that the father waived his right to participate in the hearing by alternate means. The record reflects that the father communicated to his counsel that he wanted to participate in the hearing and contest the termination of his parental rights, that counsel conveyed the father's request to the trial court before the hearing began, seeking both a continuance and a bench warrant, and that counsel again objected during his closing argument that the trial court had denied the father his due-process rights by not allowing him the opportunity to participate in the hearing. Although the father did not make a specific request to participate by alternate means, it should have been apparent to the trial court, based on the context in which the request was made, that the father was seeking to participate in the hearing in some way, if not by personal appearance then by some other effective means. *See* Tex. R. App. P. 33.1(a) ("As a prerequisite to presenting a complaint for appellate review, the record must show that the complaint was made to the trial court by a timely request, objection, or motion that stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court

6

aware of the complaint, *unless the specific grounds were apparent from the context.*" (emphasis added)); *see also Barina v. Barina*, No. 03-08-00341-CV, 2008 WL 4951224, at *2 (Tex. App.—Austin Nov. 21, 2008, no pet.) (mem. op.) ("[T]he rules of appellate procedure do not require the use of magic words to preserve error."); *cf. In re K.M.L.*, 443 S.W.3d 101, 119–20 (Tex. 2014) (concluding that, "[b]ased on the record before [the court]," father did not waive his due-process right to notice of termination hearings).

On this record, I would conclude that the trial court abused its discretion in denying the father's request to participate in the hearing to terminate his parental rights. Accordingly, I would reverse the termination order and remand the cause to the trial court for a new hearing that affords the father his due-process right to meaningfully participate in the proceedings, if not by bench warrant then by "by affidavit, deposition, telephone, or other effective means." *See Larson*, 368 S.W.3d at 797; *In re A.W.*, 302 S.W.3d 925, 930 (Tex. App.—Dallas 2010, no pet.); *In re D.D.J.*, 136 S.W.3d 305, 313–14 (Tex. App.—Fort Worth 2004, no pet.); *In re Daugherty*, 42 S.W.3d 331, 336 (Tex. App.—Texarkana 2001, no pet.); *see also Boddie v. Connecticut*, 401 U.S. 371, 377 (1971) ("[D]ue process requires, at a minimum, that absent a countervailing state interest of overriding significance, persons forced to settle their claims of right and duty through the judicial process must be given a meaningful opportunity to be heard."); *In re M.A.R.*, No. 03-10-00444-CV, 2012 WL 593569, at *3–5 (Tex. App.—Austin Feb. 23, 2012, no pet.) (mem. op.) (concluding that although trial court did not abuse its discretion in denying inmate's request for bench warrant, it did abuse its discretion in denying inmate's request to participate by alternate means).

_____

                    Gisela D. Triana, Justice

Before Chief Justice Rose, Justices Triana and Smith

Dissenting Opinion

Filed:   December 4, 2019